UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
NOV 26  2 20 PM '03
DISTRICT COURT
NEW HAVEN, CONN

| | |
|---|---|
| TRAVELERS PROPERTY & CASUALTY : <br> INS. CO. <br>       Plaintiff, <br><br> VS. <br><br> TRITON MARINE CONSTRUCTION <br> CORP., ET AL | CASE NO. 3:02cv1500(GLG) <br><br><br><br><br><br> NOVEMBER 25, 2003 |

# MOTION FOR MODIFICATION
# TO PARTIES' SCHEDULING ORDER

The parties request modification to the Scheduling Order in accordance with the Revised Rule 26(F) Report of Parties' Planning Meeting filed herewith. Discovery has been ongoing in this matter and the primary parties to the dispute — **TRAVELERS PROPERTY & CASUALTY INS. CO. and TRITON MARINE CONSTRUCTION CORP., ET AL** — have consented to the Revised Rule 26(F) Report and to the proposed revised dates. Accordingly, the parties request that the Court amend the Scheduling Order in accordance with the fully executed Revised Planning Memorandum submitted herewith.

DEFENDANTS
TRITON MARINE CONSTRUCTION CORP., ET AL

By _____
JOHN J. O'BRIEN, JR., ESQ. (CT04856)
MOLLER, PECK AND O'BRIEN, L.L.C.
1010 Wethersfield Avenue, Suite 305
Hartford, Connecticut 06114
Telephone: (860) 296-1010

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of November, 2003, the foregoing was mailed to the following counsel of record:

Bradford R. Carver, Esq.
**Cetrulo & Capone, LLP**
Two Seaport Lane, 10th Floor
Boston, Massachusetts 02210

_____
JOHN J. O'BRIEN, JR., ESQ.

2

UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS PROPERTY & CASUALTY INS. CO.<br>    Plaintiff, | CASE NO. 3:02cv1500(GLG) |
| VS. | |
| TRITON MARINE CONSTRUCTION CORP., ET AL | NOVEMBER 25, 2003 |

## REVISED RULE 26(F) REPORT
## OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | August 27, 2002 |
| Complaint Served on Defendants: | On September 25, 2002, Defendants' counsel accepted the Waiver of Service of Summons for all Defendants |
| Date of Defendants' Appearance: | November 5, 2002 |
| Defendants' Answer and Counterclaim: | January 2, 2003 |

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 38 conference was held on November 19, 2003. The participants were: Bradford R. Carver, Esq. for the Plaintiff; and John J. O'Brien, Jr., Esq. for all Defendants.

I. **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **JURISDICTION**

A. **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction based on diversity of citizenship (28 U.S.C. §1332) and the amount in controversy which exceeds $75,000.00. The Defendants have filed a Rule 13 compulsory counterclaim over which the Court has subject matter jurisdiction.

B. **Personal Jurisdiction**

This Court has personal jurisdiction pursuant to an indemnity agreement executed by the Defendants which permits the action be filed in this jurisdiction.

2

III. **BRIEF DESCRIPTION OF CASE**

    A.    **Claims of Plaintiff**

Plaintiff, Travelers, is a surety company that provided a performance bond and payment bond to Defendant, Triton Marine Construction Corp. The bond in question related to a construction project known as the "Abiqui Dam Emergency Gate Bypass System" ("Project") for the United State of America, Army Corp. of Engineers. As a condition to issuing the bond, Triton and the remaining Defendants executed an indemnity agreement whereby among other things, they agreed to hold Travelers harmless from all losses, costs and expenses, including attorneys' fees, in the event Travelers sustained any losses in connection with the execution of the bond. Triton was terminated on the Project and Travelers, as surety, arranged for completion of the Project by convincing the Army Corp. of Engineers to allow Triton to complete the Project with Travelers assuming certain oversight responsibilities. The Project was completed. Travelers, however, incurred consulting and legal fees in the amount of $155,816.63 for which it demanded reimbursement from the indemnitors pursuant to the indemnity agreement. The indemnitors have refused to reimburse Travelers.

Travelers understands that Triton and the individual indemnitors assert that they are not liable to Travelers because Travelers allegedly allowed a claim against the Army Corps for

rework costs to lapse. Travelers asserts that Triton and the Indemnitors defense is without merit for a number of reasons, including, but not limited to the following:

    a. Travelers understands that Triton procured "rework insurance" and that Triton was reimbursed, in full, for the costs of the rework. Consequently, Triton has not sustained any damages;

    b. Triton's assertion that the gate leakage was caused by a defective design is not supported by the evidence developed during the rework and thereafter. That evidence demonstrated that the cause of the gate leakage was defective workmanship of Triton and/or its subcontractors;

    c. Travelers has no obligation to assert a claim in its own name against the Army Corps that contained allegations that the cause of the gate leakage was defective design. To the contrary, given the evidence and opinions of Travelers' engineers that the cause of the gate leakage was defective construction, any such assertion in a civil proceeding could have arguably violated Rule 11 of the Federal Rules of Civil Procedure;

    d. Travelers disagrees that Triton was unable to assert, in its own name, a claim for the rework costs if it believed that such a claim was valid. Travelers asserts that Triton, as the original contractor, could have asserted such claims in its own name. It is unknown why Triton allowed such a claim to allegedly lapse.

B.  **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims of Defendants**

The Defendants deny that any indemnity obligation is due the Plaintiff because of various alleged affirmative defenses which include, amongst others, the fact that any alleged amount due is set off in total by any amount due on the alleged counterclaim. The defendants strongly disagree with the various defenses that the Plaintiff has interposed to the counterclaim.

The primary Defendant, **TRITON MARINE CONSTRUCTION CORP. ("TRITON")**, has filed a nine-count counterclaim alleging breach of contract (3 counts); breach of the duty of good faith and fair dealing; a violation of Article 9 of the Uniform Commercial Code; the breach of fiduciary duty; misrepresentation; negligence and CUTPA.

Upon initial completion of the Project, the Army Corps tested the gates at the dam and determined that there was leakage in excess of the amount permitted by the Project specifications. The Corps directed Triton to repair the gates. Triton claimed, based upon its consultants' determination, that the gates were leaking because of a design defect and differing site conditions and not because of defective work. During discussions over the issue, the Army Corps terminated Triton's contract on the Project for default, and tendered the work to Travelers as Triton's performance bond surety. Triton notified both the Corps and Travelers that it considered default termination to be wrongful.

Travelers negotiated a Takeover Agreement with the Corps. After Triton fully apprised Travelers regarding its position that the gate leakage was not caused by faulty workmanship and that it would look to Travelers as the party in privity of contact with the Government under the Takeover Agreement to assure that its rights were reserved such that costs of performing the rework could be claimed and recovered, Triton agreed with Travelers to perform the work at Triton's own cost and expense ("Rework costs"). Travelers agreed to and did reverse Triton's rights to pursue a pass-through claim against the Government for recovery of such rework costs.

Triton successfully completed the rework, and the Project was accepted by the Corps. This rework did nothing to change Triton's consultants determination that the cause of the leakage was defective design. Triton duly forwarded to Travelers its claim for recovery of the rework costs. Travelers certified the claim in accordance with the contract and the Contract Disputes Act of 1978, PL 95-563, 92 Stat. 2383, and passed the claim through to the Corps for payment. The Corps Contracting Officer denied the claim. Travelers thereafter refused Triton's several requests that Travelers appeal the Contracting Officer's denial of the claim or allow Triton to appeal in Travelers' name, such an appeal was the only procedure by which Triton could recover from the Government for its rework costs. Travelers persisted in its position of refusing to allow Triton to further pursue the claim until a point in time where the statute of limitations barred an appeal.

The gravamen of Defendant's counterclaim is that Plaintiff agreed, and was obligated, to preserve and protect Triton's affirmative claim against the Army Corps. Moreover, Travelers represented to Triton that it was agreeable to preserving and protecting a claim, and that it had done so. Travelers complied with these duties and commitments through the claim certification process and the decision of the Corps Contracting Officer, but thereafter failed and refused to discharge those duties by permitting Triton to pursue an appeal of the claim denial.

As a result, Triton has been damaged in several particulars and, because the claim for recovery of the rework costs against the government is forever barred, Travelers stands as the only party liable. Triton's damages include the $2,129,022 amount of the pass-through claim that Travelers prevented Triton from pursuing; the $372,514 claim of Triton's own that it was forced to relinquish as a consequence of Travelers' action; interest on the claims to which Triton would have been entitled pursuant to aforesaid Contracts Dispute Act; attorneys' fees that Triton would have been entitled to recover pursuant to the Equal Access to Justice Act, PL 96-4481, 94 Stat. 2325, consequential damages, and treble damages pursuant to the Connecticut Unfair Trade Practices Act, C.G.F §42-110 *et seq*. The settlement Triton made with its Commercial General Liability Insurance carrier does not mitigate nor preclude the damages otherwise recoverable from Travelers.

7

IV.  **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The Plaintiff, Travelers Insurance Company, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. The Defendant, Triton Marine Construction Corp. ("Triton") is a Virginia corporation with its principal place of business in Bremerton, Washington.

3. The Defendant, R. John Armstrong ("Armstrong") upon information and belief is an individual residing at 10502 Daysailer Drive, Fairfax Station, Virginia.

4. The Defendant, Patricia B. Armstrong ("Patricia Armstrong") upon information and belief is an individual residing at 10502 Daysailer Drive, Fairfax Station, Virginia.

5. The Defendant, Leola E. Daly ("Daly") upon information and belief is an individual residing at 103 River Park Lane, Great Falls, Virginia.

6. The Defendant, N. Jean Searle ("Searle") upon information and belief is an individual residing at 2121 Jamieson Ave., #1710, Alexandria, Virginia.

7. The Defendant, William F. Searle ("William Searle") upon information and belief is an individual residing at 2121 Jamieson Ave., #1710, Alexandria, Virginia.

8

8. The Defendant, Wendell E. Webber ("Webber") upon information and belief is an individual residing at 2428 Normandy Ct., Ponte Vedra Beach, Florida and 905 Shipwatch Drive, E, Jacksonville, Florida.

9. The Defendant, Janice K. Webber ("Janice Webber") upon information and belief is an individual residing at 2428 Normandy Ct., Ponte Vedra Beach, Florida and 905 Shipwatch Drive, E, Jacksonville, Florida.

10. The Defendant, Sandra F. Prestridge ("Prestridge") upon information and belief is an individual residing at 314 W. Olney Road, Norfolk, Virginia.

11. The Defendant, A. Burton Prestridge ("A. Prestridge") upon information and belief is an individual residing at 314 W. Olney Road, Norfolk, Virginia.

12. The Defendant, Edward A. Wardell ("Wardell") upon information and belief is an individual residing at 6200 Windward Way, Apt. 16, St. Thomas, U.S. Virgin Islands.

13. The Defendant, Carolyn S. Wardell ("Carolyn Wardell") upon information and belief is an individual residing at 6200 Windward Way, Apt. 16, St. Thomas, U.S. Virgin Islands.

14. The Defendant, Jerry W. McDonald ("McDonald") upon information and belief has a registered agent, Gene Daly residing at 103 Riverpark Lane, Great Falls, Virginia.

15. The Defendant, Mary J. McDonald ("Mary McDonald") upon information and belief has a registered agent, Gene Daly residing at 103 Riverpark Lane, Great Falls, Virginia.

16. The Defendant, Estate of Eugene F. Daly ("Estate") upon information and belief has a registered agent, Gene Daly residing at 103 Riverpark Lane, Great Falls, Virginia.

17. On September 12, 1994, Triton and the Defendants (hereinafter referred to as the ("Indemnitors"), executed an Underwriting and Continuing Indemnity Agreement with Reliance Insurance Companies ("Reliance").

18. On or about May 9, 1997, Triton entered into a written contract, Number DACW47-97-C0015 ("Contract") with the United States of America, Army Corp of Engineers, (hereinafter referred to as "Government" and "Obligee") for the construction of the Abiquiu Dam Emergency Gate Bypass System (hereinafter referred to as the "Project").

19. Reliance issued a Performance and Payment Bond, Number B2617793, naming the Army Corp of Engineers, as Obligee and Triton, as Principal, hereinafter ("Bond") with respect to the Project.

20. On or about February 18, 2000, the Government notified Reliance that Triton was in default of the contract and issued a Termination for Default of the Contract and demanded that Reliance, as surety, complete the Contract.

21. Reliance, as surety, negotiated a Takeover Agreement with the Government dated April 20, 2000 to effectuate a completion of the Contract.

22. On or about June 1, 2000, Travelers purchased certain assets and liabilities of Reliance Insurance Company. Travelers thereafter acted as agent and administrator on behalf of Reliance.

23. Travelers had Triton complete the Contract.

24. Travelers has made a demand on the Indemnitors to reimburse Travelers for its incurred losses and expenses.

25. The Indemnitors have not reimbursed Travelers for its incurred losses and expenses.

26. After completion of the remedial work, two claims were submitted to the Army Corps. seeking payment for the costs incurred by Triton to complete the remedial work - one by Triton on July 16, 2001 in the amount of $372,514 for costs prior to the default termination and the other by Travelers on November 15, 2001 in the amount of $2,083,629.75 for costs incurred after the Takeover Agreement.

27. The Army Corps on December 18, 2001 denied the claim submitted by Travelers.

28. Travelers did not appeal the Army Corp's denial of the claim.

29. The Army Corps. denied the claim submitted by Triton.

30. Triton appealed the denial of the claim it had submitted by timely filing an appeal.

11

V.  **CASE MANAGEMENT PLAN**

   A.   **Standing Order on Scheduling in Civil Cases**

   The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

   January 29, 2003:   date the parties shall jointly file report on Form 26(f)

   February 1, 2003:   date Plaintiff to answer counterclaim

   February 28, 2003:  date by which parties may amend pleadings

   April 30, 2004:     discovery deadline

   May 31, 2004:       deadline for filing of motions for summary judgment

   June 30, 2004:      deadline to file brief in opposition to motions for summary judgment

   July 30, 2004:      deadline for reply briefs, if any, for motions to summary judgment

   B.   **Scheduling Conference with the Court**

   The parties do not request a pretrial conference with the Court before entry of a Scheduling Order pursuant to Fed.R.Civ.P. 16(b).

   C.   **Early Settlement Conference**

   1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by use of the following procedure: Settlement Conference.

12

  2.  The parties do request a Settlement Conference in April, 2004.

  3.  The parties prefer a Settlement Conference with a Magistrate Judge.

  4.  The parties do not request a referral for Alternative Dispute Resolution pursuant to D.Conn.L.Civ.R. 36.

  D.  **Joinder of Parties and Amendment of Pleadings**

The parties may amend the pleadings by February 28, 2003.

  E.  **Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

  Plaintiff:  Plaintiff anticipates the need for discovery on the following subjects:

  1.  Triton's assertion that the cause of the gate leakage was defective design as opposed to defective construction;

  2.  Triton's recovery of insurance proceeds on its rework insurance for the cost of the repairs to the gates;

  3.  The facts and circumstances surrounding the commencement of Grand Jury proceedings against Triton in the United States District Court, District of New Mexico apparently arising out of Triton's submission of a claim to the Army Corps for recovery of the rework costs;

    4.    Triton's negotiations with the Army Corps concerning the gates leakage and the cause of the gates leakage.

    5.    The facts and circumstances surrounding the original manufacture of the gates by Triton and its subcontractors;

    6.    Triton's alleged defenses to costs incurred by Travelers in completing the Project.

Defendants:    Defendants anticipate the need for discovery on the following subjects:

    1.    Travelers' negotiations with the Army Corps regarding the Termination for Default and the Takeover Agreement.

    2.    Travelers' negotiations with the Army Corps regarding Triton's performance of the remedial work.

    3.    Travelers' filing of the certified claim with the Army Corps.

2.    All discovery, including depositions of expert witness pursuant to Fed.R.Civ.P. 26(B)(4) will be commenced by February 1, 2003 and completed by April 30, 2004.

3.    Discovery will not be conducted in phases.

4.    Discovery will be completed by April 30, 2004.

5.    The parties anticipate that the Plaintiff will require approximately 10 depositions of fact witnesses and that the Defendants will require an additional six (6) depositions of fact witnesses. The depositions will commence by February 1, 2003 and be completed by April 30, 2004.

14

6.   The parties will not request permission to serve more than twenty-five (25) interrogatories.

7.   Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts, pursuant to Fed. R. Civ Pro 2b(A)(2) by February 27, 2004. Disposition of such experts shall be completed by March 31, 2004.

8.   Defendants may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts, pursuant to Fed.R.Civ.P. 26(A)(2) by March 31, 2004. Depositions of such experts will be completed by April 30, 2004.

9.   Plaintiff has already supplied its list of damages to the Defendants. A damage analysis will be provided by Defendants in accordance with Fed.R.Civ.Pro. 26(a)(1)(c).

F.   **Dispositive Motions**

Dispositive motions will be filed on or before May 31, 2004. Opposition to dispositive motions will be filed on or before June 30, 2004. Reply briefs, of any for dispositive motions will be filed by July 30, 2004.

G.   **Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by September 30, 2004.

## VI.   TRIAL READINESS

The case will be ready for trial by October 29, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**PLAINTIFF, TRAVELERS PROPERTY & CASUALTY INS. CO.**

By _/s/ Bradford R. Carver_   Dated: 11.25.03
BRADFORD R. CARVER, ESQ.
**CETRULO & CAPONE, LLP**
Two Seaport Lane, 10th Floor
Boston, Massachusetts 02210


**DEFENDANT, TRITON MARINE CONSTRUCTION CORP., ET AL**

By _/s/ John J. O'Brien, Jr._   Dated: 11.25.03
JOHN J. O'BRIEN, JR., ESQ. (CT04856)
**MOLLER, PECK AND O'BRIEN, L.L.C.**
1010 Wethersfield Avenue, Suite 305
Hartford, Connecticut  06114

16