UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Civil Action No. 302CV1500GLG

TRAVELERS PROPERTY & CASUALTY
INSURANCE COMPANY,
       Plaintiff,

v.

TRITON MARINE CONSTRUCTION CORP.,
R. JOHN ARMSTRONG, PATRICIA B.
ARMSTRONG, LEOLA E. DALY, M. JEAN
SEARLE, WILLIAM F. SEARLE, WENDELL
E. WEBBER, JANICE K. WEBBER,
SANDRA F. PRESTRIDGE, A. BURTON
PRESTRIDGE, EDWARD A. WARDELL,
CAROLYN S. WARDELL, JERRY W.
MCDONALD, MARY J. MCDONALD, AND
THE ESTATE OF EUGENE F. DALY,
       Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL AND REQUEST FOR SANCTIONS
## OF TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY

Travelers commenced this action on August 26, 2002 against Triton and various individuals. The basis of the action is that Travelers issued a surety bond to Triton with respect to a construction project in New Mexico. Triton and the various Defendants executed an Indemnity Agreement whereby Triton and the individual indemnitors agreed to hold Travelers harmless from all loss, costs, or expense of whatever kind or nature, including attorneys' fees, arising out of execution of surety bonds. Triton was terminated from the involved project and the owner of the project, the United States Army Corps of Engineers demanded that Travelers perform. Travelers was ultimately successful in having

Triton actually complete the required performance. In so doing, however, Travelers incurred approximately $160,000.00 in engineering and legal fees. Despite demand, Triton and the individual indemnitors have refused to reimburse Travelers thus resulting in the foregoing action.

On July 25, 2003 Travelers propounded its First Request for Production of Documents to Triton along with its First Set of Interrogatories. Copies of these documents are attached hereto as Exhibits 1 and 2, respectively.

Triton's counsel originally indicated that it would make the requested documents available for review at counsel's Hartford office. *(See Affidavit of Bradford R. Carver, attached hereto as Exhibit 3.)* Subsequently, however, Triton's counsel changed his mind and indicated that the documents would be made available for review at Triton's corporate headquarters in Seattle, Washington. On November 4 through 6, 2003 Travelers counsel traveled to Washington to review the produced documents. *(Carver Affidavit at ¶4.)* Upon a brief review of the produced documents, it became readily apparent that Triton had failed to produce any documents responsive to Request Numbers 3, 4, 6, 7, 8, 9 and 10. According to Triton's Seattle counsel, the lead attorney for this action was not available and thus the individual that made the documents available to Travelers could not provide any assurance that the documents would be immediately produced. *(Carver Affidavit at ¶5.)* Based on the foregoing, Travelers requested copies of documents that had been produced and returned to Boston without having had the opportunity to review documents responsive to Request Number 3, 4, 6, 7, 8, 9 and 10.

The amount incurred by Travelers in attorneys' fees and expenses in traveling to and from Seattle totaled $6,509.84. *(Carver Affidavit at ¶ 11.)*

On November 11, 2003 Travelers notified Triton of its failure to produce requested documents. *(Carver Affidavit at ¶6.)* Assurances were promptly given by Triton that the documents would be produced. However, by November 17, 2003, only a portion of the documents had been produced. Specifically, no documents had been produced with respect to Requests 6, 7, 8 or 9. Triton was again notified again, in writing, of its failure to produce requested documents and, at the same time, Travelers notified Triton that it was reserving its right to seek sanctions against Triton. *(Carver Affidavit at ¶¶7 and 8.)*

By November 25, 2003, responsive documents had yet to be produced. In an exchange of e-mails on November 24 and November 25, 2003 Travelers counsel again insisted upon production of the documents and indicated that it wished to avoid filing a motion to compel production of the documents. *(Carver Affidavit at Exhibit C.)* Triton's counsel responded that, "I am presently expecting that you will have the information next week". *(Carver Affidavit at Exhibit C.)*

As of the date of the filing of this Motion, the requested documents have not been produced. Receipt of the documents is critical for the taking of necessary depositions. In fact, Travelers had previously indicated to Triton's counsel that production of the documents would be a pre-condition to the taking of certain required depositions. *(Carver Affidavit at Exhibits A and B.)* Triton's counsel had assured Travelers' counsel that the documents would be produced in Seattle, Washington and Travelers incurred significant

-3-

time and expense in traveling to Seattle only to determine that critical documents would not be made available. Despite repeated requests, and repeated assurances, that the documents would be produced none have been received nor have Interrogatories been answered.

The parties have filed a Motion to Modify the Scheduling Order in this matter. The dates set forth in that Motion with respect to completion of discovery were predicated upon assurances received by Triton that documents would be produced and Interrogatories answered. Again, no such documents have been produced nor have Interrogatories been answered.

Based on the forgoing, Travelers requests that this Court issue an order compelling Triton to respond to Production Request Numbers 6, 7, 8 and 9 and to respond to Travelers' Interrogatories. At the same time, given Triton's failure to produce the documents after providing assurances that the documents would be produced, Travelers further requests that this Court sanction Triton by requiring it to reimburse Travelers for the unnecessary costs it incurred in traveling to and from Seattle, Washington.

                        Respectfully submitted,
                        By the Plaintiff,
                        **Travelers Property and Casualty Insurance Co.**
                        By its attorneys,

                        _____
                        Bradford R. Carver, (ct12846)
                        Cetrulo & Capone LLP
                        Two Seaport Lane, 10th Floor
                        Boston, MA 02210
                        Phone: (617) 217-5500
                        Fax: (617) 217-5200

Dated:

Local Rule 2(c) Counsel:

James E. Mack, Esq.
Travelers Property Casualty Company
One Tower Square
Bond Claim, 14CZ
Hartford, CT  06183

## CERTIFICATE OF SERVICE

    I, Bradford R. Carver, BBO #565396, hereby certify that on this ___ day of December, 2003, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

John J. O'Brien, Jr., Esq.
Moller, Peck & O'Brien, LLC
1010 Wethersfield Avenue
Hartford, CT 06114

Dale R. Martin, Esq.
Barokas, Martin, Ahlers & Tomlinson
1422 Bellevue Avenue
Seattle, Washington 98122

_____
Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500

311888v1