UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action No. 302CV1500GLG

TRAVELERS PROPERTY & CASUALTY
INSURANCE COMPANY,
    Plaintiff,

v.

TRITON MARINE CONSTRUCTION CORP.,
R. JOHN ARMSTRONG, PATRICIA B.
ARMSTRONG, LEOLA E. DALY, M. JEAN
SEARLE, WILLIAM F. SEARLE, WENDELL
E. WEBBER, JANICE K. WEBBER,
SANDRA F. PRESTRIDGE, A. BURTON
PRESTRIDGE, EDWARD A. WARDELL,
CAROLYN S. WARDELL, JERRY W.
MCDONALD, MARY J. MCDONALD, AND
THE ESTATE OF EUGENE F. DALY,
    Defendants.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANT TRITON MARINE CONSTRUCTION CORP.

Pursuant to Rule 34 of the Federal Rules of Civil Procedures Travelers Property & Casualty Insurance Company hereby requests that the Defendant, Triton Marine Construction Corp. produce the following documents for inspection and copying within thirty (30) days at the offices of Cetrulo & Capone LLP, Two Seaport Lane, 10th Floor, Boston, MA 02210.

### DEFINITIONS

As used in the individual Requests below, the following defined terms shall be construed in accordance with the following definitions. These definitions are in addition to the defined terms in Local Rule 34 (D. Conn).

1. The term "document" is used in its broad sense and encompasses all materials contemplated by Fed. R. Civ. P. 34(a) including, but not limited to: letters, e-mails, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences; interoffice and intra office communications of all types; insurance policies; pension plans; laboratory records and notebooks; drawings, blueprints, flow sheets, graphs, projections, sketches, charts, data and worksheets; photographs, videotapes, movies and recordings; books, catalogs, and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes and reports of meetings of directors, officers or executive boards of committees; advertising and promotional literature and press releases; checks, canceled checks, receipts and all other records of payments; microfilm of documents that may have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

2. The term "communication" means any exchange of words, ideas, messages or information, whether by speech, signal or writing, and includes memoranda and conversations both in person, by telephone, and by any other means (such as e-mail).

3. The term "Triton" means Triton Marine Construction Corp., and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

4.  The term "Travelers" means the Travelers Casualty & Surety Company of America or Reliance Surety Company and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

5.  The term "COE" means the United States Army Corps or Engineers and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

6.  The term "Project" means the construction project known as DACW 47-C0015 for the "Construction of the Abiquiu Dam Emergency Gates and Bypass System," which is the subject of this lawsuit.

7.  The term "Gates" means those Gates referred to in Paragraph 6 of Triton's Answer, Affirmative Defenses and Counterclaim in this action.

8.  The term "Gate Leakage" means the Leakage referred to in Paragraph 9 of Triton's Answer, Affirmative Defenses and Counterclaim.

9.  The term "Rework" means that work performed at the Project by Triton to correct, repair or remediate the Gate Leakage.

10. The term "Rework Insurers" means TIG Insurance "Contractors Rework Endorsement" as part of Policy Number XLB 929 16 25 and St. Paul Insurance entitled "Rework Protection" issued by St. Paul Insurance to Triton.

11. The term "Triton USA Lawsuit" means the action filed by Triton entitled *Triton Marine Construction Corp. v. The United States of America*.

12. The term "Travelers/Triton Lawsuit" means this action.

13. The terms "relate to," "relating to," and "relative to" mean concerning, referring to, relating to, reporting, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting and/or constituting.

## REQUEST NO. 1

Any and all documents relating to testing of the Gates prior to their original installation at the Project.

## RESPONSE NO. 1


## REQUEST NO. 2

Any and all reports or documents that were prepared after the reinstallation of the Gates that discussed, analyzed, rendered an opinion, or otherwise described the cause of the Gate Leakage.

## RESPONSE NO. 2


## REQUEST NO. 3

Any and all documents that support the allegation in Paragraph 16 of the Second Amended Complaint in the Triton/USA Lawsuit that Reliance's consultants "determined that significant Gate Leakage symptoms resulted from the design of this Project . . ."

-4-

### RESPONSE NO. 3

### REQUEST NO. 4

Any and all documents supporting Triton's contention in Paragraph 18 of the Triton/USA lawsuit that in completing the Rework Triton "establish[ed] in the process of so doing the errors in the design . . . of this contract that necessitated the Rework in the first instance . . ."

### RESPONSE NO. 4

### REQUEST NO. 5

Any and all documents that may have been completed by, commissioned by, paid for, or otherwise requested by one or more of Triton's sureties that addressed, referred to, or related to, an analysis of the Gate Leakage.

### RESPONSE NO. 5

### REQUEST NO. 6

Any and all documents indicating the amount paid by the Rework Insurers under the Rework Insurance.

### RESPONSE NO. 6

**REQUEST NO. 7**

Any and all documents referring to, relating to or pertaining to any agreements between Triton and the Rework Insurers with respect to the recovery of or pursuit of subrogation by any payments from the Rework Insurers to Triton.

**RESPONSE NO. 7**

**REQUEST NO. 8**

Any and all documents referring to any assignment of the Rework Insurers claims on the Project to Triton.

**RESPONSE NO. 8**

**REQUEST NO. 9**

Any and all documents relating to the settlement or resolution of the Triton/USA lawsuit.

**RESPONSE NO. 9**

**REQUEST NO. 10**

Any and all documents that relate, refer, or pertain to the allegation of Paragraph 14 of the Travelers/Triton Lawsuit that, "as a result of Reliance's dialogue with the Army Corps, the Army Corps, notwithstanding the then on-going negotiations with Triton on an acceptable remediation plan, issued a Termination for Default . . ."

**RESPONSE NO. 10**


**REQUEST NO. 11**

Any and all documents that refer, relate, or pertain to the allegation of Paragraph 17 of the Travelers/Triton lawsuit that, "Reliance further provided Triton with assurances that it would preserve Triton's rights and remedies with regard to the Termination for Default in the recovery of the rework costs."

**RESPONSE NO. 11**

Respectfully submitted,
By the Plaintiff,
**Travelers Property and Casualty Insurance Co.**
By its attorneys,

_____
Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500
Fax: (617) 217-5200

Dated:  July 25, 2003

Local Rule 2(c) Counsel:

James E. Mack, Esq.
Travelers Property Casualty Company
One Tower Square
Bond Claim, 14CZ
Hartford, CT  06183

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, BBO #565396, hereby certify that on this 25th day of July, 2003, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

John J. O'Brien, Jr., Esq.
Moller, Peck & O'Brien, LLC
1010 Wethersfield Avenue
Hartford, CT 06114

_____
Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500

290933v1

-8-