UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action No. 302CV1500GLG

TRAVELERS PROPERTY & CASUALTY
INSURANCE COMPANY,
    Plaintiff,

v.

TRITON MARINE CONSTRUCTION CORP.,
R. JOHN ARMSTRONG, PATRICIA B.
ARMSTRONG, LEOLA E. DALY, M. JEAN
SEARLE, WILLIAM F. SEARLE, WENDELL
E. WEBBER, JANICE K. WEBBER,
SANDRA F. PRESTRIDGE, A. BURTON
PRESTRIDGE, EDWARD A. WARDELL,
CAROLYN S. WARDELL, JERRY W.
MCDONALD, MARY J. MCDONALD, AND
THE ESTATE OF EUGENE F. DALY,
    Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO THE DEFENDANT TRITON MARINE CONSTRUCTION CORP.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Travelers Property & Casualty Insurance Company ("Travelers") hereby requests that the Defendant, Triton Marine Construction Corp. ("Triton") answer the following Interrogatories under oath.

### DEFINITIONS

As used in the individual Interrogatories below, the following defined terms shall be construed in accordance with the following definitions. These definitions are in addition to the defined terms in Local Rule 39 (D. Conn.), which defined terms are also incorporated herein by reference.

1. The term "document" is used in its broad sense and encompasses all materials contemplated by Fed. R. Civ. P. 34(a) including, but not limited to: letters, e-mails, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences; interoffice and intra office communications of all types; insurance policies; pension plans; laboratory records and notebooks; drawings, blueprints, flow sheets, graphs, projections, sketches, charts, data and worksheets; photographs, videotapes, movies and recordings; books, catalogs, and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes and reports of meetings of directors, officers or executive boards of committees; advertising and promotional literature and press releases; checks, canceled checks, receipts and all other records of payments; microfilm of documents that may have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

2. The term "communication" means any exchange of words, ideas, messages or information, whether by speech, signal or writing, and includes memoranda and conversations both in person, by telephone, and by any other means (such as e-mail).

3. The term "Triton" means Triton Marine Construction Corp., and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

4. The term "Travelers" means the Travelers Casualty & Surety Company of America or Reliance Surety Company and/or any agent, servant, employee or

representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

5. The term "COE" means the United States Army Corps or Engineers and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of same.

6. The term "Project" means the construction project known as DACW 47-C0015 for the "Construction of the Abiquiu Dam Emergency Gates and Bypass System," which is the subject of this lawsuit.

7. The term "Gates" means those Gates referred to in Paragraph 6 of Triton's Answer, Affirmative Defenses and Counterclaim in this action.

8. The term "Gate Leakage" means the Leakage referred to in Paragraph 9 of Triton's Answer, Affirmative Defenses and Counterclaim.

9. The term "Rework" means that work performed at the Project by Triton to correct, repair or remediate the Gate Leakage.

10. The term "Rework Insurers" means TIG Insurance "Contractors Rework Endorsement" as part of Policy Number XLB 929 16 25 and St. Paul Insurance entitled "Rework Protection" issued by St. Paul Insurance to Triton.

11. The term "Triton USA Lawsuit" means the action filed by Triton entitled *Triton Marine Construction Corp. v. The United States of America*.

12. The term "Travelers/Triton Lawsuit" means this action.

13. The terms "relate to," "relating to," and "relative to" mean concerning, referring to, relating to, reporting, embodying, establishing, evidencing, comprising,

-3-

connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting and/or constituting.

## INTERROGATORY NO. 1

Please identify yourself by stating your name, date of birth, residential address, the position you hold in the defendant corporation, and your duties in that position.

## ANSWER NO. 1

## INTERROGATORY NO. 2

Please identify by full name, residence address and business address every witness who has knowledge about the subject matter of the Plaintiff's Complaint.

## ANSWER NO. 2

## INTERROGATORY NO. 3

Please set forth the names and addresses of all employees of Triton who were in any way involved with the Project.

## ANSWER NO. 3

## INTERROGATORY NO. 4

Please identify each person whom you expect to call as an expert witness at the trial of this case by stating with respect to each such person his or her full name, educational background, residence address, business address, occupation and employer.

## ANSWER NO. 4


## INTERROGATORY NO. 5

Please state the subject matter upon which each such expert referred to in your answer to Interrogatory No. 4 is expected to testify.

## ANSWER NO. 5


## INTERROGATORY NO. 6

Please state the substance of the facts and opinions to which each such expert identified in your answer to Interrogatory No. 4 is expected to testify.

## ANSWER NO. 6


## INTERROGATORY NO. 7

Please state a summary of the grounds for each opinion which it is expected will be given by each such expert identified in your answer to Interrogatory No. 4.

## ANSWER NO. 7

## INTERROGATORY NO. 8

Please identify each person whom you expect to call as a non-expert witness at the trial of this case by stating with respect to each such person his or her full name, residence address, business address, occupation and employer.

## ANSWER NO. 8

                                    Respectfully submitted,
                                    By the Plaintiff,
                                    **Travelers Property and Casualty Insurance Co.**
                                    By its attorneys,

                                    _____
                                    Bradford R. Carver, (ct12846)
                                    Cetrulo & Capone LLP
                                    Two Seaport Lane, 10th Floor
                                    Boston, MA 02210
                                    Phone: (617) 217-5500
                                    Fax: (617) 217-5200

Dated: July 25, 2003

    Local Rule 2(c) Counsel:

    James E. Mack, Esq.
    Travelers Property Casualty Company
    One Tower Square
    Bond Claim, 14CZ
    Hartford, CT  06183

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, BBO #565396, hereby certify that on this 25th day of July, 2003, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

John J. O'Brien, Jr., Esq.
Moller, Peck & O'Brien, LLC
1010 Wethersfield Avenue
Hartford, CT 06114

_____
Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500

290943v1