UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action No. 302CV1500GLG

| |
|---|
| TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY, <br>        Plaintiff, <br><br> v. <br><br> TRITON MARINE CONSTRUCTION CORP., R. JOHN ARMSTRONG, PATRICIA B. ARMSTRONG, LEOLA E. DALY, M. JEAN SEARLE, WILLIAM F. SEARLE, WENDELL E. WEBBER, JANICE K. WEBBER, SANDRA F. PRESTRIDGE, A. BURTON PRESTRIDGE, EDWARD A. WARDELL, CAROLYN S. WARDELL, JERRY W. MCDONALD, MARY J. MCDONALD, AND THE ESTATE OF EUGENE F. DALY, <br>        Defendants. |

## AFFIDAVIT OF BRADFORD R. CARVER

I, Bradford R. Carver, being duly sworn, hereby deposes and states:

1. I am one of the attorneys handling the referenced litigation.

2. In July, 2002 Travelers propounded its First Request for Production of Documents ("Production Requests") as well as its First Set of Interrogatories to Triton.

3. Triton's counsel originally indicated to the undersigned that the requested documents would be made available at counsel's office in Hartford, Connecticut. Subsequently, however, Triton's counsel changed his mind and stated that the documents would only be made available in Seattle, Washington, the corporate headquarters of the Defendant, Triton Marine Corp. ("Triton").

4.  On November 4 through 6, 2003, one of Travelers' counsel traveled to Seattle, Washington to review the documents that were reported to be responsive to the Production Requests.

5.  Shortly after beginning a review of the documents, it became apparent that Triton had failed to produce any documents responsive to Request Numbers 3, 4, 6, 7, 8, 9 and 10. Triton's counsel in Seattle, Washington indicated that the primary individual involved in the Triton matter was not available and thus the documents were not made available to Travelers' counsel.

6.  On November 10, 2003 the undersigned notified Triton of its failure to produce requested documents as well as its failure to respond to the Interrogatories. Shortly thereafter, assurances were given that the documents would be produced. *(See Exhibit A.)*

7.  By November 17, 2003, only a portion of the responsive documents had been produced. Triton had still not responded to Request Numbers 6, 7, 8, or 9. In addition, Triton still had not responded to the Interrogatories. Accordingly, on November 17, 2003, Travelers' counsel again notified Triton's counsel of its failure to properly respond to discovery. *(See Exhibit B.)*

8.  By November 24, 2003, and again despite assurances, Interrogatory answers and responsive documents were not produced. On November 24, 2003 the undersigned sent an e-mail to Triton counsel again requesting the documents and indicating that if the documents were not produced a motion to compel would be filed. *(See Exhibit C.)*

9. On November 25, 2003, Triton's counsel indicated that "I am presently expecting that you will have the information next week." *(See Exhibit C.)*

10. As of the date of filing this Motion, responsive documents have not been produced nor have the Interrogatories been answered.

11. The attorneys fees and expenses incurred by Travelers in sending an individual to Seattle, Washington was $6,509.84.

12. In accordance with L. Civ. R. 37(a)(2), Travelers' counsel certifies that he has conferred with Triton's counsel on a number of occasions a set forth in this Affidavit to resolve by agreement the issues raised in Travelers' Motion to Compel. Although Triton's counsel produced some of the requested documents, other requested documents have not been produced nor have interrogatory answers been provided. Accordingly, no agreement has been reached with respect to the remaining outstanding issues thus requiring the intervention of this Court.

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___ DAY OF DECEMBER, 2003.

_____
Bradford R. Carver
Cetrulo & Capone LLP
Two Seaport Lane
10th Floor
Boston, MA 02210

311909v1