```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------X
TRAVELERS PROPERTY & CASUALTY
INSURANCE CO.,                      :

         Plaintiff,                 :

         - against -                : No. 3:02CV1500(GLG)

TRITON MARINE CONSTRUCTION CORP.,   :
ET AL.,
                                    :
         Defendants.
-----------------------------------X
```

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL
AND REQUEST FOR SANCTIONS [DOC. # 28]</u>

  Plaintiff, Travelers Property & Casualty Insurance Company, has moved this Court to order the production of certain documents by Defendant, Triton Marine Construction Corp., and to award sanctions against Triton for its failure to produce these at a scheduled document production in Seattle, Washington.  The documents sought are those responsive to Travelers' Requests for Production Nos. 6 through 9.  Triton represents that, since the filing of this motion, it has produced the requested documents.  Travelers has not filed a reply indicating otherwise.  Thus, the Court assumes that the requested documents have been produced and denies Travelers' motion to compel as moot.

  Travelers has also sought sanctions for the unnecessary costs it incurred in having its attorneys travel to and from

Seattle, Washington, for the scheduled document production.[1] Implied in this request is that the travel to Seattle was a futility because documents were not produced in response to Requests Nos. 6 through 9. However, according to Triton, Travelers was provided with documents responsive to the other requests for production, which filled several four-drawer filing cabinets. Triton states that the documents responsive to Requests Nos. 6 through 9 take up a mere two notebooks and were not produced because of pending issues of privilege and confidentiality. None of these representations by Triton has been attested to by sworn affidavit. By the same token, none of these statements has been refuted by Travelers.

Although all of the requested documents were not produced in Seattle, as allegedly promised by Triton's counsel, a significant portion was made available. Thus, the trip to Seattle by Travelers' counsel was not an exercise in futility. Under the circumstances, an award of travel costs as sanctions would not be appropriate. Additionally, sanctions under Rule 37(a) are limited to the expenses and fees incurred in connection with the motion to compel, which stands in sharp contrast to the broad scope of sanctions that may be awarded after a court order has

---

[1] The Court notes that, although Travelers' counsel has provided an affidavit concerning his good faith efforts to secure these documents, that affidavit (Exhibit 3) is not signed or notarized. See D. Conn. L. Civ. R. 37(a)2.

been violated.  <u>Compare</u> Rule 37(a)(4) with Rule 37(b), Fed. R. Civ. P.; <u>see generally</u> <u>7 Moore's Federal Practice</u> § 37.23[6] (3d ed. 2003).  Thus, any award of sanctions at this juncture is limited to expenses and fees incurred in bringing this motion.

Where a party produces documents after the filing of a motion to compel, an award of expenses and fees is mandated by the Rules, after an opportunity to be heard, unless the Court finds that the motion was filed without the movant's making a good faith effort to obtain the requested discovery, or that the opposing party's nondisclosure was substantially justified, or that other circumstances make an award of expenses unjust.  <u>See</u> Rule 37(a)(4), Fed. R. Civ. P. ("If . . . the . . . requested discovery is provided after the motion was filed, the court <u>shall</u>, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . . .") (emphasis added); <u>see generally</u> <u>7 Moore's Federal Practice</u> § 37.23[9].

Despite the mandatory language of Rule 37(a)(4), there are several obstacles to such an award in this case.  First, Travelers, the moving party, has not sought such an award.  Second, an award of fees and expenses can only be made after an opportunity for a hearing and, thus, would not be appropriate at this time.  Third, because Travelers has failed to file a sworn

affidavit in support of its motion, see Note 1, the Court is unable to make a determination as to Travelers' good faith efforts to secure the requested documents prior to filing this motion.  Fourth, Triton claims that its failure to produce the documents was justified because of pending issues of privilege and confidentiality.  But, again, these naked assertions are unsupported by a sworn affidavit.  Under the circumstances, the Court declines to award expenses and fees in connection with the filing of this motion.

Accordingly, the Court denies Travelers' Motion to Compel as moot and denies Travelers' request for sanctions.

SO ORDERED.

Date: February 13, 2004.
      Waterbury, Connecticut.

_____/s/_____
GERARD L. GOETTEL,
United States District Judge