UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action No. 302CV1500GLG

| TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY,<br>        Plaintiff,<br><br>v.<br><br>TRITON MARINE CONSTRUCTION CORP., R. JOHN ARMSTRONG, PATRICIA B. ARMSTRONG, LEOLA E. DALY, M. JEAN SEARLE, WILLIAM F. SEARLE, WENDELL E. WEBBER, JANICE K. WEBBER, SANDRA F. PRESTRIDGE, A. BURTON PRESTRIDGE, EDWARD A. WARDELL, CAROLYN S. WARDELL, JERRY W. MCDONALD, MARY J. MCDONALD, AND THE ESTATE OF EUGENE F. DALY,<br>        Defendants. |
|---|



## TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION TO EXTEND SCHEDULING DEADLINES

The plaintiff, Travelers Property & Casualty Insurance Company ("Travelers"), hereby moves this Honorable Court to extend the discovery deadlines in this case and the corresponding scheduling deadlines in this case as follows:

- By extending the deadline for completing all fact discovery from April 30, 2004 to June 30, 2004;

- By extending the deadline for the defendant to designate trial experts and provide opposing counsel with reports from retained experts from March 31, 2004 to April 30, 2004;

- By extending the deadline for the plaintiff to designate trial experts and provide opposing counsel with reports from retained experts from February 27, 2004 to May 31, 2004;

- By extending the deadline for completing depositions of defendant's experts from April 30, 2004 to May 31, 2004;

- By extending the deadline for completing depositions of plaintiff's experts from March 31, 2004 to June 30, 2004;

- By extending the deadlines for filing summary judgment motions from May 31, 2004 to July 30, 2004;

- By extending the deadlines for filing oppositions to summary judgment motions from June 30, 2004 to August 31, 2004;

Travelers also requests that a pre-trial conference be scheduled at the Court's discretion for a date in September 2004, with a trial date to be set at the pre-trial conference.

As grounds for this motion, Travelers states as follows:

1.    The plaintiff, Travelers, is a surety company that provided a surety performance bond on behalf of the defendant, Triton Marine Construction Corp. ("Triton"). The bond in question related to a construction project known as the "Abiquiu Dam Emergency Gate Bypass System" ("the Project") for the United States of America, Army Corps of Engineers ("the Corps"). As a condition to issuing the bond, Triton and the remaining defendants executed an indemnity agreement whereby, among other things, they agreed to hold Travelers harmless from all losses, costs and expenses, including attorneys' fees, in the event Travelers sustained any losses in connection with the execution of the bond. Triton was terminated on the Project and Travelers, as surety, arranged for completion of the Project by convincing the Corps to allow Triton to complete the Project with Travelers assuming certain oversight responsibilities. The Project was completed. Travelers, however, incurred consulting and legal fees in the amount of $155,816.63 for which the defendants have refused to reimburse Travelers.

2.    Triton filed a nine count counterclaim alleging, among other things,

breach of contract, negligence and bad faith against Travelers. Essentially, the basis of Triton's counterclaim is that Travelers allegedly failed to preserve an alleged claim for the re-work costs incurred by Triton in completing the Project. Triton claims that these costs were compensable from the Corps due to an alleged design defect and differing site conditions. Travelers denies that it is liable to Triton because Travelers had no obligation, as surety, to preserve or pursue Triton's alleged claim and because, in any event, the re-work costs incurred by Triton were due to its own defective construction.

3. Since the filing of the Complaint and other subsequent pleadings, the plaintiff and defendants have served written discovery, exchanged documents and have noticed and taken depositions of several witnesses. Several depositions, however, noticed by both parties have yet to be concluded or taken.

4. Based on the complexity of the case and scheduling conflicts, Travelers believes it will not be feasible to complete all fact discovery prior to the expiration of the current discovery deadline on April 30, 2004. Moreover, this case involves companies and counsel from different states and many of the witnesses are located out of state.[1]

5. Additionally, the current deadlines for disclosure of experts and expert reports (February 27 and March 31, 2004) does not take into account that fact discovery is not complete, which is necessary to ensure that full and complete basis and reasons for the expert opinions are provided. Also, under the current scheduling order, Travelers is required to disclose its expert and expert reports first; however, Travelers does not plan to rely upon expert testimony in proving its indemnity claim. Travelers likely will rely

---

[1] Indeed, there are witnesses from Connecticut, Delaware, Washington, New Mexico, Texas and Florida.

upon expert testimony only to the extent necessary to respond to Triton's experts relative to Triton's counterclaim. Thus, Triton should be required to disclose its experts and expert reports prior to Travelers having to incur the time and expense of providing expert designations and reports.

6. Thus, Travelers requests an extension of the scheduling deadlines to complete discovery in a timely and orderly fashion in this case.

7. The requested extension of the scheduling deadlines will not unfairly prejudice any party.

## CONCLUSION

For the foregoing reasons, Travelers requests that its Motion to Extend Scheduling Deadlines be allowed.

Respectfully submitted,

**Travelers Property & Casualty Insurance Company,**

By its attorney,

_____
Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500
Fax: (617) 217-5200

Dated: March 1, 2004

Local Rule 2(c) Counsel:

James E. Mack, Esq.
Travelers Property Casualty Company
One Tower Square
Bond Claim, 14CZ
Hartford, CT 06183

## STATEMENT PURSUANT TO LOCAL RULE 7(b)

In accordance with Local Rule 7(b), I hereby certify that I have attempted to confer in good faith with counsel for the defendants, John J. O'Brien, Jr., Esq. On Monday, February 23, 2004, I left Mr. O'Brien a detailed voice mail message regarding our plan to file the instant Motion and requesting his position regarding same. On Thursday, February 26, 2004, Mr. O'Brien left me a voice mail message wherein he indicated that he did not have an objection in principle, but would need to see the Motion. On February 26, 2004, this office forwarded to Mr. O'Brien a copy of the instant Motion and requested his position. To date, Mr. O'Brien has not provided a response.

Bradford R. Carver, (ct12846)

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, BBO #565396, hereby certify that on this 1st day of March 2004, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

John J. O'Brien, Jr., Esq.
Moller, Peck & O'Brien, LLC
1010 Wethersfield Avenue
Hartford, CT 06114

Dale R. Martin, Esq.
Barokas, Martin, Ahlers & Tomlinson
1422 Bellevue Avenue
Seattle, Washington 98122

Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500

319034/01037-0007