UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2005 FEB 28 A 9:10
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRITON MARINE CONSTRUCTION CORP., R. JOHN ARMSTRONG, PATRICIA B. ARMSTRONG, LEOLA E. DALY, M. JEAN SEARLE, WILLIAM F. SEARLE, WENDELL E. WEBBER, JANICE K. WEBBER, SANDRA F. PRESTRIDGE, A. BURTON PRESTRIDGE, EDWARD A. WARDELL, CAROLYN S. WARDELL, JERRY W. MCDONALD, MARY J. MCDONALD, AND THE ESTATE OF EUGENE F. DALY,<br><br>Defendants. | CIVIL ACTION NO. 302CV1500 (SRU) |

### REPLY BEIEF OF TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY TO THE DEFENDANTS' OPPOSITION TO TRAVELERS' MOTION FOR SUMMARY JUDGMENT

Travelers Property & Casualty Insurance Company hereby submits the following Reply to the Defendants' Opposition to Travelers' Motion for Summary Judgment.

**A.   Travelers' Local Rule 56(a) Statement of Material Facts Should Be Deemed Admitted Because The Defendants Failed To Comply With Local Rule 56(a)(3).**

Local Rule 56(a) provides that a party opposing a motion for summary judgment include a document entitled "Local Rule 56(a)(2) Statement which states in separately numbered paragraphs corresponding to the numbered paragraphs contained in the moving party's Local Rule 56(a)(1) Statement whether each of the facts asserted by the moving party is admitted or denied." Local Rule 56(a)(3) provides that each 56(a)(2) Statement is to be followed by "either a

1

specific citation to (1) the affidavit of a witness competent to testify to the facts at trial, and/or (2) evidence that would be admissible at trial." Local Rule 56(a)(3) (D. Conn.); see Coger v. Connecticut, 309 F. Supp. 2d 274, 277 (D. Conn. 2004) ("The purpose of [Local] Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed"). "Without such statement, 'the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties.'" Id., quoting N.S. v. Stratford Bd. of Educ., 97 F. Supp. 2d 224, 227 (D. Conn. 2000). "[F]ailure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including . . . when an opponent fails to comply, an order granting the motion [for summary judgment]." Local Rule 56(a)(3).

Travelers properly submitted a Local Rule 56(a)(1) Statement of Material Facts, which contains proper record citations to affidavits and evidence that would be admissible at trial. Triton's Rule 56(a)(2) response is wholly deficient because Triton denies many of Travelers' statements of material fact without any record citations to support such denials. Triton's response is not in compliance with Local Rule 56(a)(3) and, therefore, all of Travelers' statements of fact should be deemed admitted. See, e.g., Coger, 309 F. Supp. at 278 (all of facts set forth in defendants' complying Local Rule 56(a)(1) statement deemed admitted by plaintiff due to plaintiff's failure to comply with Local Rule 56(a)(3)); Dusanenko v. Maloney, 726 F.2d 82, 84 (2d Cir. 1984) (same); Booze v. Shawmut Bank, 62 F. Supp. 2d 593, 595 (D. Conn. 1999) (same); N.S. v. Stratford Bd. of Educ., 97 F. Supp. 2d 224, 227 (D. Conn. 2000) (same).[1]

---

[1] Similarly, the Court should disregard all of the facts in the "Factual Background" Section Of The Defendants' Memorandum Of Law (pp. 1-52). Local Rule 56(a)(2) provides that a party opposing a motion for summary judgment must include in its Local Rule 56(a)(2) Statement a separate section entitled "Disputed Issues of Material Fact" as to which the opposing party contends there is a genuine issue to be tried. Local Rule 56(a)(2). Triton, in a transparent attempt to cloud the record, instead has chosen to provide the court with fifty-two pages of alleged "facts" in the context of its Memorandum.

    **B.**    <u>**The Defendants' Expert Reports Must Be Disregarded By The Court Because The Reports Are Not In Admissible Form And, For The Independent Reason That The Reports Impermissibly Provide Opinions Regarding The Content Or Application Of The Law.**</u>

        **1.**    <u>**The Expert Reports Offered By The Defendants Must Be Disregarded Because They Are Not In Admissible Form.**</u>

"On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." <u>Nora Beverages, Inc. v. Perrier Group of America, Inc.</u>, 164 F.3d 736 (2d Cir. 1998), citing <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55, 66 (2d Cir. 1997); <u>DeFelice v. Ingrassia</u>, 210 F. Supp. 2d 88, 92 (D. Conn. 2002) (same). Expert material offered in opposition to a summary judgment motion must also be in admissible form. <u>Duplantis v. Shell Offshore, Inc.</u>, 948 F.2d 187, 191 (5th Cir. 1991) (to properly use expert testimony to defeat summary judgment motion, non-movant must proffer expert assessment in admissible form through affidavit, deposition or trial transcript); <u>see also</u> Fed. R. Civ. P. 56.

The Defendants have offered reports of Frederick J. Lees, Charles J. Herman, Esq., William J. McCollam and Alex Gerrard in support of its opposition to Travelers' summary judgment motion. <u>See</u> Affidavit of John J. O'Brien, Exhibits 506, 507, 508 and 509. These "expert" reports are not in affidavit or other admissible form and, therefore, should not be considered by the Court.

        **2.**    <u>**The Reports Of Lees, Herman and McCollam Must Be Disregarded By The Court Because They Invade The Province Of This Court By Providing Opinions Regarding The Content Or Application Of The Law.**</u>

It is well settled that an expert may not invade the court's province by testifying on issues of law or stating ultimate legal conclusions. <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1294 (2d Cir. 1991); <u>see also</u> <u>Andrews v. Metro North Commuter R.R. Co.</u>, 882 F.2d 705, 708 (2d Cir. 1989) (holding that engineer's testimony that defendant was negligent was an improper legal

3

conclusion); United States v. Scop, 846 F.2d 135, 140 (2d Cir. 1988) (holding that expert's statements that defendants violated securities law and "drew directly upon the language of the statute" were legal conclusions that "went well beyond his province as an expert"); Colon v. BIC USA, Inc., 199 F. Supp. 2d 53, 96 (D.N.Y. 2001) ("it is well-settled that experts are prohibited from testifying as to the content or application of the law").

The rule prohibiting experts from providing their legal opinions or conclusions is "so well-established that it is often deemed a basic premise or assumption of evidence law -- a kind of axiomatic principle." THOMAS BAKER, THE IMPROPRIETY OF EXPERT WITNESS TESTIMONY ON THE LAW, 40 U. Kan. L. Rev. 325, 352 (1992). Other circuits are in accord. See Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100 (1st Cir. 1997) (excluding expert legal opinion "because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial"); Snap-Drape, Inc. v. Comm'r of Internal Revenue, 98 F.3d 194, 198 (5th Cir. 1996) ("We have repeatedly held that this rule does not allow an expert to render conclusions of law"); Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994) ("We also believe this testimony was received in violation of the Federal Rules of Evidence . . . . It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court"); United States v. Leo, 941 F.2d 181, 196 (3rd Cir. 1991) (stating that "it is not permissible for a witness to testify as to the governing law").

The reports of Lees, Herman and McCollam are rife with legal opinions and legal conclusions and, therefore, must be disregarded by the Court. By way of example, Lees' report consists largely of his interpretation of the Contract Disputes Act of 1978 and the related Federal Acquisition Regulations. On its face, this report invades the province of this Court. The legal issue regarding whether Triton was free to pursue the Rework Claim directly against the Corps,

4

independent of the involvement of Travelers, is for this Court to decide. McCollam's report similarly must be disregarded because it contains legal opinions as to the interpretation of the Contract Disputes Act. Herman's report contains such legal conclusions as "Travelers had a duty to protect the claims of Triton" (p.4) and that Travelers had a legal obligation to pass through Triton's claims. (p.17). Whether such a duty or obligation exists, which Travelers denies, is a question of law for this Court to decide. See Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982). Because it is not permissible for witnesses to testify as to the governing law, these reports must be stricken and disregarded by the Court.

### C. The Summary Judgment Record Demonstrates That Reliance's Indemnity Rights Were Properly Assigned To Travelers And That Travelers Is Entitled To Enforce The Indemnity Agreement.

Triton's statement that there has been no proof advanced that Travelers is entitled to enforce the Indemnity Agreement is completely without merit and belied by the summary judgment record. See Defendants' Memorandum, pp. 56-57. Travelers' Local Rule 56(a)(1) Statement specifically states (with supporting record citations) that "On or about May 2000, Travelers purchased certain assets and liabilities relating to the surety and fidelity lines of Reliance Group Holdings, Inc., including the potential rights and obligations arising from surety bonds issued by Reliance Insurance Company, such as the Bond and Indemnity Agreement which are the subject of this lawsuit." See Travelers' Rule 56(a)(1) Statement, ¶2, n.2. Moreover, attached to the Affidavit of Bradford R. Carver is a copy of the agreement granting an assignment of indemnity rights from Reliance to Travelers. See Carver Aff., Exh. 28. This fact is undisputed and the Defendants have not offered any evidence to establish that there is a genuine issue of material fact on this issue.

### D. The Operative Agreement Between Travelers And Triton Is The Indemnity Agreement.

The Defendants' argument that "there were three operative agreements" between Travelers and Triton is without merit and must be rejected. See Defendants' Memorandum, p. 76. The relationship between Travelers and Triton was one of surety/principal, not one of general contractor/subcontractor. The only signed, written agreement between Travelers and Triton is the Indemnity Agreement, in which Triton and the Defendants specifically agreed to indemnify Travelers (not the other way around) from all loss, costs and expenses incurred by Travelers by reason of the execution of bonds on behalf of Triton. Moreover, the Indemnity Agreement specifically provides that "No change or modification to this agreement shall be effective unless specifically agreed to in writing and executed by [Travelers]." See Carver Aff., Exhibit 27, ¶36.

Triton's suggestion that it agreed to complete the Project because it was allegedly assured that Travelers would preserve and protect Triton's Rework Claim is irrelevant when considered in light of Triton's indemnity obligations. Whether the Project was completed by Triton, or whether Travelers engaged a different contractor to complete Triton's work, the result would be the same: Triton would bear the ultimate cost of completion of the Project pursuant to its common law and contractual indemnity obligations to Travelers. To suggest that Triton undertook to complete the Project only because of an alleged commitment by Travelers to preserve the Rework Claim is illogical and self-serving on the part of Triton.

### E. Any Alleged Breach By Travelers For Not Allowing An Appeal Was Excused By The Defendants' Prior Breach By Failing To Indemnify And Reimburse Travelers Upon Demand.

It is well settled that a material breach of contract by one party relieves the other party of any further duty to perform further contractual obligations. Shah v. Cover-It, Inc., 86 Conn. App. 71, 75, 859 A.2d 959 (2004), citing Rokalor, Inc. v. Connecticut Eating Enterprises, Inc., 18 Conn. App. 384, 391, 558 A.2d 265 (1989); see also State v. Lex Associates, 248 Conn. 612, 624, 730 A.2d 38 (1999). The failure to tender payment is generally deemed a material breach of contract. Arp Films, Inc. v. Marvel Entertainment Group, Inc., 952 F.2d 643, 649 (2d Cir. 1991), citing Schneider v. Dumbarton Developers, Inc., 767 F.2d 1007, 1014 (D.C. Cir. 1985); Jafari v. Wally Findlay Galleries, 741 F. Supp. 64, 67-68 (S.D.N.Y. 1990).

Any alleged breach by Travelers for not allowing an appeal (see, e.g., Defendants' Memorandum, p. 76) was excused by the Defendants' prior breach by failing to indemnify and reimburse Travelers upon demand as required by the Indemnity Agreement. On January 18, 2002, April 4, 2002 and July 15, 2002, Travelers demanded that it be reimbursed for its costs and expenses incurred by reason of Triton's default on the Project. Travelers Rule 56(a)(1) Statement, ¶¶39, 43 and 51. It is undisputed that, despite such demands, Triton failed to reimburse Travelers for its losses in violation of the express terms of the Indemnity Agreement. See Carver Aff., Exhibit 27, ¶11 ("Amounts due [Travelers] shall be payable upon demand"). Because the Defendants breached the Indemnity Agreement by not reimbursing Travelers upon demand, Travelers was excused from any subsequent duty to perform, including any alleged duty or obligation to pursue an appeal of the Rework Claim.[2]

---

[2] According to the Contracting Officer's Decision dated December 18, 2001, an appeal of the Rework Claim had to be brought directly in the United States Court of Claims within twelve (12) months of receipt of the Contracting Officer's Decision. Travelers Stmnt., ¶¶36, 38.

F. **Sherrie Monteiro's Affidavit Complies With 28 U.S.C. §1746 And Must Be Considered By The Court.**

Triton's argument that the Affidavit of Sherrie Monteiro is defective because it is not notarized must be flatly rejected. See Defendants' Local Rule 56(a)(2) Statement of Facts, p. 7, n.1. The Monteiro Affidavit is admissible under 28 U.S.C. §1746, which permits an unsworn declaration made under the pains and penalties of perjury to substitute for a sworn affidavit. 28 U.S.C. §1746; see LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 65 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, Travelers respectfully requests that this Honorable Court grant its Motion for Summary Judgment in its entirety, and for such other and further relief that this Court deems just and proper

Respectfully submitted,

TRAVELERS PROPERTY & CASUALTY
INSURANCE COMPANY,

By its attorney,

_____
Bradford R. Carver, (ct12846)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5500
Fax: (617) 217-5200


Local Rule 2(c) Counsel:
James E. Mack, Esq.
St. Paul Travelers
One Tower Square, 4PB
Hartford, CT 06183

8

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, BBO #565396, hereby certify that on this 25th day of February 2005, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

John J. O'Brien, Jr., Esq.
Peck & O'Brien, PC
433 Silas Deane Highway, Second Floor
Wethersfield, CT 06109

Dale R. Martin, Esq.
Barokas, Martin, Ahlers & Tomlinson
1422 Bellevue Avenue
Seattle, Washington 98122

                                                                                            Bradford R. Carver, (ct12846)

01037-0007
333096v1