UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TRITON MARINE CONSTRUCTION CORP., ET AL,<br><br>　　　　　Defendant. | CIVIL ACTION NO: 02 CV 1500 (SRU) |

**MEMORANDUM OF LAW IN SUPPORT OF TRAVELERS PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

**I.　INTRODUCTION**

Pursuant to Fed. R. Civ. P. Rule 56, the plaintiff, Travelers Property & Casualty Insurance Company, as Administrator for Reliance Insurance Company[1] (hereinafter collectively referred to as "Travelers"), submits this Memorandum of Law in support of its Motion for Summary Judgment against the defendants, Triton Marine Construction Corp. ("Triton"), R. John Armstrong, Patricia B. Armstrong, Leola E. Daly, N. Jean Searle, William F. Searle, Wendell E. Webber, Janice K. Webber, Sandra F. Prestridge, A. Burton Prestridge, Edward A. Wardell, Carolyn S. Wardell, Jerry W. McDonald, Mary J. McDonald and the Estate of Eugene F. Daly (hereinafter collectively referred to as "Defendants" or "Indemnitors").

---

[1] On or about May 2000, Travelers purchased certain assets and liabilities relating to the surety and fidelity lines of Reliance Group Holdings, Inc., including the potential rights and obligations arising from surety bonds issued by Reliance Insurance Company, such as the Bond and Indemnity Agreement which are the subject of this lawsuit. (Monteiro Aff., ¶4). Travelers is Administrator for Reliance Insurance Company ("Reliance"). Unless otherwise specified, Reliance will be referred to herein as "Travelers." (Monteiro Aff., ¶4; Exhs. 26 and 28).

The material facts in this case can be simply stated:

1.  The Indemnitors signed an unambiguous and comprehensive agreement of indemnity promising to indemnify Travelers for any and all loss and expense Travelers incurred as a result of issuing surety bonds on behalf of its principal, Triton;

2.  Travelers, in good faith, incurred significant expenses as a direct and proximate result of the issuance of a surety bond on behalf of its principal, Triton;

3.  The Indemnitors have failed and/or refused to reimburse Travelers for its expenses in violation of the specific terms and conditions of the indemnity agreement.

The relevant law can also be simply stated:

1.  A surety such as Travelers is entitled to indemnification for payments made in good faith to discharge its principal's obligations; and

2.  Indemnity agreements, such as the one at issue in this case, are valid and enforceable, and are intended to provide comprehensive protection to the surety for losses sustained in fulfilling its obligations on bonds, including reimbursement of all legal and consultant fees.

There are no genuine issues as to any material fact regarding Travelers' entitlement to indemnification for its losses and expenses incurred in fulfilling its obligations as surety and, therefore, Travelers is entitled to summary judgment on its indemnification claim and on all counts asserted in Triton's Counterclaim.

**II.    ARGUMENT**

This is a renewed Motion for Summary Judgment. Travelers' original motion was filed on September 30, 2004 (Docket Number 43). On February 9, 2007, this Court

granted Travelers' Motion for Summary Judgment as it relates to Triton's Counterclaims but denied the Motion as it related to Travelers' indemnification claim. *See Travelers Property and Casualty Insurance Co. v. Triton Marine Construction Corp.*, 473 F.Supp. 2d. 321 (D. Conn. 2007).

For the reasons set forth below, Travelers respectfully submits that the sole deficiency noted in this Court's previous decision has been rectified. Accordingly, Travelers submits that it is entitled to summary judgment on its indemnification claim.

This Court's February 9, 2007 Decision accurately sets forth the facts of this matter as well as the disputes between the parties and thus Travelers will refer the Court to its decision for a recitation of the relevant facts and procedural history of the case. As it relates to Travelers' claim for indemnification, this Court set forth the relevant portions of the indemnification agreement executed by the indemnitors. Those facts revealed that in accordance with the indemnity agreement, an authorized representative of Travelers provided the indemnitors with an itemized statement of Travelers' incurred losses and demanded that Travelers be reimbursed for those costs. However, this Court noted a deficiency in the form of the demand. In particular, while acknowledging that the Travelers' representative, Sherrie Monteiro, was an "authorized representative" of Travelers, it was noted that "she did not swear to the itemized statement, a requirement under the indemnity agreement." *Triton*, 473 F.Supp. 2d. at 327. Because the itemized statement was not sworn to by Ms. Monteiro, this Court denied Travelers' Motion for Summary Judgment. This Court did not note any other deficiencies with the demand, nor did it identify any other disputed issues of fact that

would have otherwise precluded the entry of summary judgment against the indemnitors.

Travelers has now rectified the defect in its demand on the indemnitors as set forth in this Court's earlier decision. More particularly, the same authorized representative, Sherrie Monteiro, has now submitted to the indemnitors a sworn and itemized statement of losses incurred by Travelers. To date, those losses total $368,038.09. (See Affidavit of Sherrie L. Monteiro, attached in support of Travelers Motion for Summary Judgment).

### III  CONCLUSION

In previously denying Travelers' Motion for Summary Judgment, this Court noted only one factual deficiency preventing the Court from entering summary judgment in favor of Travelers on the indemnification claim. As the revised sworn and itemized statement submitted by Travelers' authorized representative demonstrates, that sole factual deficiency has now been rectified. For all of the reasons stated in this Court's earlier decision, as well as the arguments set forth in Travelers' original Motion for Summary Judgment, Travelers submits that there are no material facts in dispute and that Travelers, as a matter of law, is entitled to summary judgment against the indemnitors, jointly and severally, in the amount of $368,038.09 plus appropriate prejudgment interest.

Respectfully submitted,
**TRAVELERS PROPERTY AND CASUALTY INSURANCE COMPANY**
By Its Attorneys,

*/s/ Bradford R. Carver*
Bradford R. Carver, (CT 12846)
HINSHAW & CULBERTSON LLP
One International Place, 3rd Floor
Boston, MA 02110
617-213-7000
617-213-7001 (facsimile)

Local Rule 83.1(c) Counsel:

James E. Mack, Esq.
Travelers
One Tower Square, 2S1A
Hartford, CT 06183

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, hereby certify that on September 13, 2007, a copy of Memorandum of Law in Support of Travelers Property and Casualty Insurance Company's Motion for Summary Judgment, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Bradford R. Carver*
Bradford R. Carver, (CT 12846)

34033563v1 856823