UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS PROPERTY & CASUALTY INSURANCE CO.<br>    Plaintiff, | : Civil No. 3:02CV01500 (SRU)<br>:<br>: |
| v. | : |
| TRITON MARINE CONSTRUCTION CORP., et al.<br>    Defendants. | :<br>: November 16, 2007 |

### DEFENDANTS' LOCAL RULE 56(a)2 STATEMENT

Defendants, Triton Marine Construction Corp., R. John Armstrong, Patricia B. Armstrong, Leola E. Daly, M. Jean Searle, William F. Searle, Wendell E. Webber, Janice K. Webber, Sandra F. Prestridge, A. Burton Prestridge, Edward A. Wardell, Carolyn S. Wardell, Jerry W. McDonald, Mary J. McDonald, and the Estate of Eugene F. Daly (hereinafter "defendants" or "Triton") respectfully submit this Statement pursuant to District of Connecticut Local Rule of Civil Procedure 56(a)(2), in response to the Travelers Property and Casualty Insurance Company's Local Rule 56(A)(1) Statement of Material Facts filed September 13, 2007 [Doc. #88].

I. **Defendants' Response to Plaintiff's Statement of Material Facts**

1. This assertion (incorporating certain materials by reference) is procedural in nature, and does not call for an admission or denial, except that defendants, in response, hereby incorporate by reference the following documents that were previously filed by them in connection with plaintiff's previous motion for summary judgment [Doc. #43]:

    a.    Memorandum of Law in Opposition to Travelers Property & Casualty Insurance Company's Motion for Summary Judgment, with exhibits [Doc. #58]

      b.      Statement of Material Facts [Doc. #59]

2. This assertion is admitted, except that the contents of Ms. Monteiro's statement are denied to the extent that the claimed losses are alleged to exceed $363,197.50. See Affidavit of David Boyd, ¶¶ 1-17, attached hereto at Tab 1.[1]

3. This assertion is denied. In fact, while reserving in all respects their rights to appeal this Court's 2/9/07 Summary Judgment Ruling, defendants have paid Travelers the total sum of $363,197.50, which is the full amount to which Travelers is entitled under the indemnity agreement even assuming that defendants' counterclaims and defenses in this lawsuit are invalid (which defendants continue to dispute, and intend to raise as error on appeal). See Affidavit of David Boyd at pp. 1-17 (explaining payment history, amount and calculation of payment amounts).

## II.    Defendants' Claims of Material Fact

4. Even if Travelers was entitled to indemnification from defendants under the indemnity agreement as claimed by Travelers in this lawsuit, defendants did not improperly detain payment to Travelers until, at the very earliest, after they received Travelers' "Demand Letter" dated August 14, 2007. Defendants, in fact, promptly paid the amounts claimed to be due promptly after receiving that Demand Letter. Therefore, Triton does not owe Travelers prejudgment interest. See 2/9/07 Summary Judgment Ruling, at p. 9 [Doc. #71] (holding that the sworn itemized statement is "a requirement under the indemnity agreement).

---

[1] Defendants deny that any amounts are due to plaintiff based on the facts and legal claims contained in its previously filed opposition to summary judgment. See Memorandum of Law in Opposition to Travelers Property & Casualty Insurance Company's Motion for Summary Judgment [Doc. #58], filed January 5, 2005, and the supporting Statement of Material Facts [Doc. #59]. Defendants acknowledge that these claims were rejected by the Court in its 2/9/07 Summary Judgment Ruling [Doc. #71]. See Defendants' Opposition to Plaintiff's Motion for Summary Judgment, dated November 16, 2007, "Preliminary Statement" at p.1.

                    Respectfully submitted,
                    DEFENDANTS

By: _____/s/_____
     Steven D. Ecker, Esq. (ct03762)
     Cowdery, Ecker & Murphy, L.L.C.
     750 Main Street, Suite 910
     Hartford, CT 06103
     (860) 278-5555
     (860) 249-0012 Fax
     E-mail: ecker@cemlaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 16, 2007, the foregoing was mailed, postage prepaid, to:

Bradford R. Carver, Esq.
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA  02110

Eric H. Loeffler, Esq.
Hinshaw & Culberton LLP
One International Plaza
Fort Hill Sq., 3rd Floor
Boston, MA  02110

John J. O'Brien, Jr., Esq.
Law Offices of Peck & O'Brien
P.O. Box 290942
Wethersfield, CT  06129

                                                 _____
                                                 Steven D. Ecker