# TAB 1

I, DAVID F. BOYD, having been duly sworn, hereby depose and state as follows:

I have personal knowledge of the facts and matters stated herein, am over the age of twenty-one (21) years, and in all respects am competent to be a witness in this action.

1. On September 4, 2007, I received a letter from Ms. Montiero at Travelers. The letter was dated August 14, 2007, and the letter demanded that Triton and the indemnitors immediately pay Travelers $368,038.09. The letter included an "Itemized Statement of Loss" that listed the individual charges, in support of Travelers' $368,038.09 demand. **Exhibit A**

2. I reviewed the demand letter and the Itemized Statement of Loss. There were two glaring discrepancies. First, the letter demanded payment of $368,038.09, which did not match the attached Itemized Statement of Loss. The Itemized Statement totaled only $345,861.55. Second, neither the demand letter nor the Itemized Statement gave Triton credit for the $13,370 payment that we made to Travelers back in 2001.

3. In an effort to resolve the discrepancies, we initiated a conference call with Ms. Montiero on or about September 7, 2007. Ms. Montiero agreed to look into the $22,176.54 discrepancy between the Demand and the Itemized Statement. Ms. Montiero stated that she believed the $22k was money spent by Reliance prior to their takeover by Travelers, so the details were not included in Travelers' Itemized Statement of Loss.

4. As to the second matter, we discussed Triton's payment from 2001. Ms. Montiero stated that Triton's payment would have been handled by "underwriting", which is a different department that hers (Salvage Department).

5. On September 14, 2007, I exchanged emails with Ms. Montiero. She stated that she "can get" the itemized listing for the $22k discrepancy. She also stated that there was no easy way for her to go back through the old underwriting files to see if Triton had paid money back in 2001. I took Ms. Montiero's 9/14/07 email as a brush-off. **Exhibit B**

6. After receiving the last email from Ms. Montiero, I directed that Triton tender a payment to Travelers in the full amount of the demand; LESS the $22,176.54 amount that was not itemized; LESS the $13,370 that Triton paid back in 2001. The amount of the payment was $332,491.55. I drafted a cover letter (dated September 14, 2007) to explain to Travelers how I arrived at the dollar amount. I was also careful to ensure that it was clear that we intended to recoup the money if we were successful on appeal. **Exhibit C**

7. Travelers cashed the check on September 18, 2007.

8. On September 27, 2007, I received a letter from Travelers dated September 21. In the letter, Ms. Montiero attempted to explain the $22,176.54 discrepancy in her August demand letter. In short, she stated that these were funds expended by Reliance prior to their acquisition by Travelers. Ms. Montiero included a listing of the two items that comprised the $22,176.54. The Travelers letter did not mention Triton's payment to Travelers back in 2001. **Exhibit D**

9. I reviewed Travelers' 9/21/07 letter and the backup. As stated, there were 2 items that comprised the $22k discrepancy. One of the items ($17,335.95 to Arvin Daum) appeared to be correct. The other item ("$4,840.59 for claim Travelers") looked to be an obvious error. Supposing thses were funds expended by Reliance "prior to the time of the acquisition…", Travelers could not have spent $4,840.59 "for claim Travelers" in connection with the bond Reliance had issued for Triton on the Abiquiu Dam Project. Travelers had not even acquired Reliance yet.

10. On October 17, 2007, Triton sent a check to Travelers for the $17,335.95 Arvin Daum item. I included a cover letter explaining why we thought the $4,840.59 was a mistake, and why we did not include a payment for that item. **Exhibit E** Travelers promptly cashed the check.

11. As of the October 17, 2007 payment, Triton had paid Travelers the full amount of their demand, LESS the $4,840.59 "error" outlined above, LESS the $13,370 that Triton had paid back in 2001.

12. On October 16, 2007, Triton sent a letter to Travelers that provided additional substantiation for the payment made back in 2001. **Exhibit F**

13. Triton's bond broker (Willis) verified that Travelers was paid in 2001. Willis provided internal accounting documents that verified a wire transfer to Travelers on October 29, 2001.

14. In my experience, the bond broker (in this case, Willis) usually stands between the Contractor (Triton) and the Surety (Travelers). The Surety bills Willis, Willis then bills Triton. Triton pays Willis, and Willis in turn pays Travelers.

15. In this case, Triton paid Willis $13,370; Willis paid Travelers $11,746. The difference of $1,624 is Willis' commission.

16. On November 9, 2007, Triton paid Travelers $1,624. I had determined that although Triton had paid $13,370, Travelers had only received $11,746 after Willis (properly) took its $1,624 commission. I had been wrong when I applied the entire $13,370 Triton payment to Travelers demand amount. **Exhibit G**

17. As of this date, November 15, 2007, I believe that Triton has paid Travelers in full for the entire amount that they are demanding, less the obvious corrections:

Travelers Demand:

| | | |
|---|---|---|
| Demand dated 8/14/07: | $ 368,038.09 | |
| Less Accounting Error: | ($ 4,840.59) | |
| Corrected Demand: | | $363,197.50 |

Triton Payments:

| | | |
|---|---|---|
| October 2001: | $ 11,746.00 | |
| 9/14/2007: | $ 332,491.55 | |
| 10/17/2007: | $ 17,335.95 | |
| 11/09/2007: | $ 1,624.00 | |
| Total Payments: | | $ 363,197.50 |

Alternatively, the original demand was incorrect (too high) because it did not account for Triton's 2001 payment. The result is the same: Travelers has been paid in full:

Travelers Demand:

| | | |
|---|---|---|
| Demand dated 8/14/07: | $ 368,038.09 | |
| Triton payment 10/29/2001: | ($ 11,746.00) | |
| Less Accounting Error: | ($ 4,840.59) | |
| Corrected Demand: | | $351,451.50 |

Triton Payments:

| | | |
|---|---|---|
| 9/14/2007: | $ 332,491.55 | |
| 10/17/2007: | $ 17,335.95 | |
| 11/09/2007: | $ 1,624.00 | |
| Total Payments: | | $351,451.50 |

18. Neither Ms. Montiero nor anyone else at Travelers attempted an explanation as to why Triton's October 29, 2001 payment should not be applied to the amount demanded by Travelers. The only reason Ms. Montiero ever gave to me was that

Travelers "underwriting department" received the money instead of the "salvage department" in which she worked.

19. Because Travelers never credited the October 29, 2001 payment that Triton had made, and because all of the Travelers billing to Triton included the unexplained, erroneous "for claim Travelers" item, even Ms. Montiero's August 14 2007 "Itemized Statement of Loss" (Ex. A) was incorrect.  Travelers never has submitted an accurate demand to Triton.


DATED this 15th day of November, 2007.

David F. Boyd

SUBSCRIBED AND SWORN to before me, a Notary Public, this 15th day of November, 2007.

NOTARY PUBLIC in and for the state Of Washington, residing at 281 Chico Way N.W, Bremerton, WA 98312

My appointment expires: 6/28/08.

# Exhibit
# A

# O'BRIEN LAW GROUP

**Mailing Address:**
Post Office Box 290942
Wethersfield, CT 06129-0942
*Please Reply Too*

**Business/Courier Address:**
78 Beaver Road, Suite 2D
Wethersfield, CT 06109

Telephone:   (860) 563-5500
Toll Free:    (888) 834-1940
Facsimile:   (860) 563-5520

## FACSIMILE TRANSMISSION COVER SHEET

DATE: Sept. 4, 2007

TO: David Boyd

FAX NO.: (360) 373-6335

SUBJECT: Travelers vs. Triton

SENDER: John O'Brien, Jr.

**ROUTING**
☐ JOB
☑ MS
☐
☐

## CONFIDENTIAL CORRESPONDENCE

YOU SHOULD RECEIVE __6__ PAGE(S), INCLUDING THIS COVER SHEET
IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (860) 563-5500



*Rec'd. 8/30/07*

**Sherrie L. Monteiro, AFSB**

Senior Claim Executive - Salvage
Travelers
Bond and Financial Products
One Tower Square, 2S2
Hartford, CT 06183

(860) 954-4479
(888) 201-5608 (fax)
smonteir@travelers.com

August 14, 2007

| | |
|---|---|
| Triton Marine Construction Corp.<br>4510 Brittmore Road<br>Houston, TX 77041 | R. John Armstrong, Individually<br>10502 Daysailer Drive<br>Fairfax Station, VA 22039-1904 |
| Patricia B. Armstrong, Individually<br>10502 Daysailer Drive<br>Fairfax Station, VA 22039-1904 | Leola E. Daly, Individually<br>103 River Park Lane<br>Great Falls, VA 22066-3544 |
| N. Jean Searle, Individually<br>2121 Jamieson Ave., #1710<br>Alexandria, VA 22314 | William F. Searle, Individually<br>2121 Jamieson Ave., #1710<br>Alexandria, VA 22314 |
| Wendell E. Webber, Individually<br>2428 Normandy Ct.<br>Ponte Vedra Beach, FL 32082-2936 | Wendell E. Webber, Individually<br>905 Shipwatch Drive E.<br>Jacksonville, FL 32225-5417 |
| Janice K. Webber, Individually<br>2428 Normandy Ct<br>Ponte Vedra Beach, FL 32082-2936 | Janice K. Webber, Individually<br>905 Shipwatch Drive E.<br>Jacksonville, FL 32225-5417 |
| Sandra F. Prestridge, Individually<br>314 W. Olney Road<br>Norfolk, VA 23507-1821 | A. Burton Prestridge, Individually<br>314 Olney Road<br>Norfolk, VA 23507-1821 |
| Edward A. Wardell, Individually<br>6200 Winward Way, Apt. 16<br>St. Thomas, U.S. Virgin Islands 00802 | Carolyn S. Wardell, Individually<br>6200 Windward Way, Apt. 16<br>St. Thomas, U.S. Virgin Islands 00802 |
| Jerry W. McDonald, Individually<br>103 Riverpark Lane<br>Great Falls, VA 22066-3544 | Mary J. McDonald, Individually<br>c/o Gene Daly, Resident Agent<br>103 Riverpark Lane<br>Great Falls, VA 22066-3544 |
| Estate of Eugene F. Daly<br>c/o Gene Daly, Registered Agent<br>103 River park Lane<br>Great Falls, VA 22066-3544 | |

Re      Principal:      Triton Marine Construction Corp.
        Action:         Travelers Property and Casualty Insurance Co. v. Triton Marine
                        Construction Corp., C.A. No. 3:02cv1500, U.S.D.C. D. Conn.

Dear Indemnitors:

As you are aware from correspondence sent to you on April 4, 2002, the undersigned is an authorized representative of Reliance Insurance Company, the company that issued Bond No. B2617793 on behalf of Triton Marine Construction Corp., as principal. In consideration of issuing the Bond, each of you, individually, executed an Indemnity Agreement, a copy of which was provided to you with my April 4, 2002 letter. In that same letter, it was disclosed to you that Travelers is Administrator for and as successor in interest to Reliance Insurance Company.

As of April 4, 2002, each of you, personally, and jointly and severally, were liable to Travelers in the amount of $164,078.60. Rather than recognizing your indemnification obligations to Travelers, the above-referenced litigation was commenced and has proceeded. On February 9, 2007, United States District Court, District of Connecticut denied Triton's Motion for Summary Judgment. A copy of that Ruling is enclosed for your convenience.

Please note that page 8 of the Ruling specifically discusses the appropriate procedure for Travelers, as surety, to make a claim against each of you, as indemnitors. In accordance with the terms of the Indemnity Agreement, as well as the Court's Ruling, this letter constitutes a formal demand on each of you, to reimburse Travelers for the amount of its loss, which as of August 1, 2007, now totals $368,038.09. This amount does not include legal fees and costs that have accrued since August 1, 2007, nor does it include prejudgment interest which is continuing to accrue at the applicable statutory rate. Travelers, as surety, hereby demands that you immediately remit to it the amount of $368,038.09. Attached to this letter is an itemized statement of the losses incurred by Travelers.

Travelers expects your prompt attention to this matter. If you have any questions, please do not hesitate to contact me. Otherwise, Travelers expects to receive payment forthwith.

Very truly yours,

3    of 3_

I, Sherrie L. Monteiro, am Senior Salvage Executive for Travelers Casualty and Surety Company, which is the Administrator for and as Successor in Interest to Reliance Insurance Company. I am an authorized representative of Travelers.

Under the pains and penalties of perjury, I swear that the statements set forth in the foregoing letter as well as in the attached itemized statement of loss, which is incorporated herein by reference, is true and accurate.

_Sherrie Monteiro_

Sherrie L. Monteiro, AFSB
Senior Salvage Executive
Authorized Representative of Travelers,
as Administrator for and as Successor
in Interest to Reliance Insurance Company

cc:    Bradford R. Carver
       John J. O'Brien

Subscribed and sworn to before me, this 14th day of August 2007.

_Barbara A. Check_

BARBARA A. CHECK
*Notary Public*
*My Commission Expires August 31, 2009*

## Itemized Statement of Loss

| Claim Num | Role Holder | Role | Trans Type | Payment Type | Check No | Check Date | Amount | Payee |
|---|---|---|---|---|---|---|---|---|
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Engineering Consultants | 1041695 | 2001/07/20 | $2,412.43 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 5000081 | 2000/08/04 | $1,690.31 | Bossard, Fred |
| 091-SC-ES902211-RG | Mr. Arvin Daum | | CAFTIS Check | Atty. Surety (non-salvage) | 1041679 | 2000/08/21 | $5,079.83 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Engineering Consultants | 10000881 | 2000/09/22 | $3,343.77 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Brown, Alicia | | Payroll Reimbursement | Employee Travel | 90001925 | 2000/09/29 | $1,655.06 | Brown, Alicia |
| 091-SC-ES902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 10004031 | 2000/10/10 | $1,461.79 | Bossard, Fred |
| 091-SC-ES902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 90004049 | 2000/10/16 | $950.55 | Bossard, Fred |
| 091-SC-ES902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 10005308 | 2000/10/23 | $933.70 | Bossard, Fred |
| 091-SC-ES902211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | CAFTIS Check | Atty. Coverage (No Suit) | 10008243 | 2000/11/01 | $8,508.18 | Cefufo & Capone |
| 091-SC-ES902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 10010161 | 2000/11/08 | $1,519.03 | Bossard, Fred |
| 091-SC-ES902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 10010169 | 2000/11/08 | $1,787.07 | Bossard, Fred |
| 091-SC-ES902211-RG | Brown, Alicia | | Payroll Reimbursement | Employee Travel | 10010178 | 2000/11/08 | $1,851.11 | Brown, Alicia |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Engineering Consultants | 10010799 | 2000/11/09 | $4,011.54 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | CAFTIS Check | Atty. Surety (non-salvage) | 10012275 | 2000/11/17 | $4,804.00 | Cefufo & Capone |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10014327 | 2000/12/04 | $9,474.60 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10014335 | 2000/12/04 | $12,942.44 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Theodora Brown | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10014345 | 2000/12/04 | $7,693.47 | Theodora Brown |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10018835 | 2001/01/03 | $24,471.99 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | CAFTIS Check | Atty. Surety (non-salvage) | 10023769 | 2001/01/24 | $5,793.93 | Cefufo & Capone |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10026862 | 2001/02/09 | $19,007.95 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10032021 | 2001/02/21 | $12,161.57 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10034226 | 2001/03/06 | $16,057.55 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | Void Check | Damages – Payment | 10034226 | 2001/03/06 | ($16,057.55) | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10034461 | 2001/03/07 | $13,454.55 | Mr. Arvin Daum |
| 091-SC-ES902211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | CAFTIS Check | Atty. Surety (non-salvage) | 10037285 | 2001/03/19 | $730.85 | Cefufo & Capone |
| 091-SC-ES902211-RG | Mr. Arvin Daum | Other Vendor (non Atty) | CAFTIS Check | Damages – Payment | 10053324 | 2001/05/05 | $301.50 | Mr. Arvin Daum |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10107755 | 2002/04/05 | $293.74 | Cefufo & Capone |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10107765 | 2002/04/05 | $1,625.80 | Cefufo & Capone |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10112252 | 2002/05/08 | $1,693.50 | Cefufo & Capone |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10120383 | 2002/07/12 | $1,434.85 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | AlphaGraphics (Hartford2) | Other Vendor (non Atty) | Caplis Check - Cbd | Record Copies | 10120891 | 2002/07/16 | $765.22 | Alphagraphics |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10122453 | 2002/07/25 | $3,399.36 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10125364 | 2002/08/27 | $2,638.87 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | AlphaGraphics (Hartford2) | Other Vendor (non Atty) | Caplis Check - Cbd | Record Copies | 10130302 | 2002/10/08 | $1,638.82 | Alphagraphics |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10131155 | 2002/10/16 | $997.86 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10131165 | 2002/10/16 | $645.50 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10131174 | 2002/10/16 | $1,600.00 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10136376 | 2002/12/02 | $590.91 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10142064 | 2003/02/03 | $981.00 | Cefufo & Capone, LLP |
| 091-SC-ES002211-RG | Brown, Alicia | | Payroll Reimbursement | Employee Travel | 10146906 | 2003/03/21 | $322.79 | Brown, Alicia |
| 091-SC-ES002211-RG | Cefufo & Capone, LLP | Atty Representing Travelers | Caplis Check - Cbd | Salvage - Attorney fees/costs | 10146907 | 2003/04/07 | $1,400.76 | Cefufo & Capone, LLP |

# Itemized Statement of Loss

| Matter | Vendor | Role | Payment Type | Category | Check No. | Date | Firm | Amount |
|---|---|---|---|---|---|---|---|---|
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10163197 | 2003/05/27 | Cerulo & Capone, LLP | $5,037.69 |
| 091-SC-E5902211-RG | Bossard, Fred | | Payroll Reimbursement | Employee Travel | 10163226 | 2003/06/02 | Bossard, Fred | $1,515.74 |
| 091-SC-E5902211-RG | Manfeln, Sherrie | | Payroll Reimbursement | Employee Travel | 10150509 | 2003/06/25 | Manfeln, Sherrie | $98.25 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10159254 | 2003/07/22 | Cerulo & Capone, LLP | $16,303.25 |
| 091-SC-E5902211-RG | Mr. Arvin Diaum | Other Vendor (non Atty) | Caplis Check - Clsd | Expert Witness | 10159155 | 2003/07/29 | Mr. Arvin Diaum | $4,382.63 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10163135 | 2003/09/25 | Cerulo & Capone, LLP | $1,415.27 |
| 091-SC-E5902211-RG | Manfeln, Sherrie | | Payroll Reimbursement | Employee Travel | 10165538 | 2003/10/17 | Manfeln, Sherrie | $1,278.59 |
| 091-SC-E5902211-RG | Mr. Arvin Diaum | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10166697 | 2003/11/03 | Mr. Arvin Diaum | $5,090.00 |
| 091-SC-E5902211-RG | Hennessey Corp., d/b/a Robert H. Large Co. | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10167012 | 2003/11/05 | Hennessey Corp, d/b/a Robe | $1,238.30 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10167021 | 2003/11/05 | Cerulo & Capone, LLP | $5,122.50 |
| 091-SC-E5902211-RG | Bossard, Fred | | Payroll Reimbursement | Salvage - Other | 10167039 | 2003/11/05 | Bossard, Fred | $398.65 |
| 091-SC-E5902211-RG | Manfeln, Sherrie | | Payroll Reimbursement | Employee Travel | 10671341 | 2003/12/30 | Manfeln, Sherrie | $64.41 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10176795 | 2004/03/23 | Cerulo & Capone, LLP | $18,395.94 |
| 091-SC-E5902211-RG | Manfeln, Sherrie | | Payroll Reimbursement | Employee Travel | 10177728 | 2004/03/30 | Manfeln, Sherrie | $301.03 |
| 091-SC-E5902211-RG | EYAL Court Reporting, Inc. | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10177155 | 2004/03/30 | EYAL Court Reporting, Inc. | $620.95 |
| 091-SC-E5902211-RG | EYAL Court Reporting, Inc. | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10177164 | 2004/03/30 | EYAL Court Reporting, Inc. | $425.95 |
| 091-SC-E5902211-RG | American Legal Copy, LLC | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10177352 | 2004/04/02 | American Legal Copy, LLC | $2,291.99 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10177479 | 2004/04/05 | Cerulo & Capone, LLP | $30,087.05 |
| 091-SC-E5902211-RG | Mr. Arvin Diaum | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10178656 | 2004/04/28 | Mr. Arvin Diaum | $2,659.42 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10179126 | 2004/04/30 | Cerulo & Capone, LLP | $3,169.52 |
| 091-SC-E5902211-RG | Michelle Karczynski | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10179477 | 2004/05/10 | Michelle Karczynski | $23,534.47 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10182042 | 2004/07/01 | Cerulo & Capone, LLP | $1,304.99 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10182051 | 2004/07/01 | Cerulo & Capone, LLP | $576.50 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10184726 | 2004/07/26 | Cerulo & Capone, LLP | $5,142.15 |
| 091-SC-E5902211-RG | Metroy,Douglas | | Payroll Reimbursement | Employee Travel | 10185918 | 2004/10/14 | Metroy,Douglas | $545.99 |
| 091-SC-E5902211-RG | Bossard,Fredrick | | Payroll Reimbursement | Employee Travel | 10185792 | 2004/10/28 | Bossard,Fredrick | $482.27 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10185291 | 2004/11/05 | Cerulo & Capone, LLP | $20,733.70 |
| 091-SC-E5902211-RG | Michelle Karczynski | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10185084 | 2004/11/11 | Michelle Karczynski | $331.10 |
| 091-SC-E5902211-RG | Michelle Karczynski | Other Vendor (non Atty) | Caplis Check - Clsd | Salvage - Other | 10185983 | 2004/11/11 | Michelle Karczynski | $415.70 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10191061 | 2004/12/21 | Cerulo & Capone, LLP | $3,029.27 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10195299 | 2005/03/29 | Cerulo & Capone, LLP | $2,538.99 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10197603 | 2005/05/02 | Cerulo & Capone, LLP | $11,601.01 |
| 091-SC-E5902211-RG | Cerulo & Capone, LLP | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10205945 | 2005/11/10 | Cerulo & Capone, LLP | $209.50 |
| 091-SC-E5902211-RG | Hinshaw & Culbertson (Chicago) | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10206954 | 2005/11/910 | Hinshaw & Culbertson | $4,167.00 |
| 091-SC-E5902211-RG | St. Paul Travelers,Claim Trave | | Payroll Reimbursement | Employee Travel | 10207737 | 2005/11/29 | St. Paul Travelers,Claim Trave | $51.94 |
| 091-SC-E5902211-RG | Hinshaw & Culbertson (Chicago) | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10212453 | 2005/04/03 | Hinshaw & Culbertson | $3,706.48 |
| 091-SC-E5902211-RG | Hinshaw & Culbertson (Chicago) | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10222739 | 2007/05/20 | Hinshaw & Culbertson | $2,462.00 |
| 091-SC-E5902211-RG | Hinshaw & Culbertson (Chicago) | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10223928 | 2007/05/25 | Hinshaw & Culbertson | $1,012.50 |
| 091-SC-E5902211-RG | Hinshaw & Culbertson (Chicago) | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10224016 | 2007/06/26 | Hinshaw & Culbertson | $1,982.50 |
| 091-SC-E5902211-RG | Hinshaw & Culbertson (Chicago) | Atty Representing Travelers | Caplis Check - Clsd | Salvage - Attorney fees/costs | 10224169 | 2007/07/06 | Hinshaw & Culbertson | $384.00 |
| | | | | Grand Total | | | | $345,981.55 |

# Exhibit

# B

**Dave Boyd**

| | |
|---|---|
| **From:** | "Monteiro,Sherrie L" <SMONTEIR@travelers.com> |
| **To:** | "Dave Boyd" <dboyd@triton-marine.com> |
| **Cc:** | "Bradford R. Carver" <bcarver@hinshawlaw.com> |
| **Sent:** | Friday, September 14, 2007 11:49 AM |
| **Subject:** | RE: Settlement offer |

David:

At this point, any offers should be made in writing. Having said that, however, it does not have to be anything formal – e-mail is fine.

With respect to the carry forward costs detailed on the Reliance system, I can get that additional listing of payments to you (consisting of payments for field travel, Cetrulo & Capone and Arvin Daum fees made prior to the conversion to our system) but those expenses are included in the number communicated at $368,038.09. That includes all indemnity and expense loss paid to date and this is the number you should be working off of for settlement purposes. Our claim system does not include any underwriting premium data and therefore, that is not included in this number.

I made a couple of inquiries and there doesn't appear to be an easy way to go back through old Reliance underwriting records to look into the issue raised about the potential of a premium overpayment that might have been made as far back as 2001. To the extent that this is something you now want to pursue at this very late date, I suggest you compile your documentation supporting this overpayment and send it in writing to your agent for them to explore further.

I am out of the office on business next week on Wednesday and Thursday. Let me know when you expect to present your offer for consideration.

Sherrie

Sherrie L. Monteiro, AFSB
Travelers
Bond and Financial Products
One Tower Square, 2S2
Hartford, CT 06183
PHONE: (860) 954-4479
FAX:   (888) 201-5608
EMAIL: smonteir@travelers.com

**From:** Dave Boyd [mailto:dboyd@triton-marine.com]
**Sent:** Friday, September 14, 2007 12:19 PM
**To:** Monteiro,Sherrie L.
**Subject:** Settlement offer

Hi Sherrie.

Confirming the phone message that I left you:

I'm finalizing a settlement offer. A couple of questions before I wrap it up:
1. Have you located any backup for the $22k of old Reliance carry-forward costs? Have we verified that old Reliance costs account for the $$ discrepancy?
2. Any luck with Underwriting in verifying Triton's payment back in 2001? (note--I don't think that Triton was doing any other business with Travelers Bond back then, so anything received from Triton in 2001 was probably this payment).
3. Do you want any offer to be strictly in writing (as you indicated last Friday? Or do you want me to tell you about it, then follow it up in writing? Either way's fine with me.
Dave Boyd
(360) 373-7090

===================================================================

This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may

===================================================================
The Travelers e-mail system made this annotation on 09/14/07, 15:50:01.

# Exhibit

# C

SEPT 14 2007



## TRITON

Travelers
Bond and Financial Products
Attn: Sherrie L. Monteiro
One Tower Square
Hartford, CT 06183

Dear Ms. Monteiro,

This letter is in response to your demand letter dated August 14, 2007.

Triton is making this tender to Travelers not as an admission of liability or damages, but as means to narrow the issues of contention between Triton and Travelers, and to eliminate any claim for future interest on the amount tendered herein.

Triton's tender is as follows:

| | | | |
|---|---|---|---|
| 1. | Travelers' Demand: | $345,861.55 | Note 1 |
| 2. | Less prior Triton payment: | ($ 13,370.00) | Note 2 |
| 3. | Prejudgment Interest: | $ 0.00 | Note 3 |
| 4. | Future Travelers Fees: | $ 0.00 | Note 4 |
| 5. | Total: | $332,491.55 | Note 5 |

### Note 1:  Travelers Demand Dated August 14, 2007

Travelers' sworn demand dated August 14, 2007 "Demand" demands that the Indemnitors immediately remit $368,038.09.   However, the "Itemized Statement of Loss" attached to the demand totals only $345,861.55.  Triton is using the "Itemized Statement of Loss" figure for the purpose of this calculation.

### Note 2:  Triton's Prior Payment

In 2001, Travelers' agent billed Triton $13,370 on behalf of Travelers.  Triton paid this bill. Travelers collected Triton's funds.

● Page 2                                                    September 14, 2007

Travelers' demand covers expenses incurred starting in July 2000 and running through July 2007. Triton's payment was in 2001. Triton's payment therefore should be applied to, and reduce, Travelers' alleged loss.

The details of this payment were filed in Opposition to Travelers Motion for Summary Judgment (2005).

## Note 3:  Prejudgment Interest

Triton does not believe that Travelers is entitled to prejudgment interest for any period prior to the date of the Demand. We refer you to the Underwriting and Continuing Indemnity Agreement (the General Agreement of Indemnity, or GAI), which does not contemplate any interest award for the pre-demand period.

In fact, as of September 12, 2007, Triton and the Indemnitors have still not received a fair, accurate, or proper demand under the GAI:

   a. Travelers' August 14, 2007 demand contains the $22,176.54 discrepancy between the demand amount and the "Itemized Statement of Loss" (see Note 1, above).
   b. Travelers has not made proper demand for the original amount. This was confirmed by the court. The Court ruled on February 9, 2007 that Travelers' 2002 demand did not fulfill the requirements of the indemnity agreement (see paragraph III. Discussion, A. Travelers' Claim for Indemnification, pages 8 and 9 of the court's ruling on Travelers Motion for Summary Judgment).
   c. Neither of Travelers' defective demands gave Triton any credit for the funds that Triton paid in good faith back in 2001. Travelers continues to ignore Triton's payment, even though the specifics were formally filed in 2005.

Triton is making this tender to Travelers, in spite of the fact that we still don't have a fully proper accurate demand to work with. The issue of prejudgment interest should not be part of the payment due at the point, for the reasons set forth above and for additional reasons which we see no need to set forth in this letter.

## Note 4:  Future Travelers Attorneys' Fees

Triton is tendering the full amount of Travelers' demand, as near as we can determine it (see Notes 1 and 2, above). We believe that any future fees that Travelers incurs in this matter should be to Travelers' own account. Triton should not be required to pay Travelers' costs of correcting their defective demands, nor should Triton pay Travelers' costs of pursuing this indemnity demand after Triton has attempted to satisfy it in full with this tender.

● Page 3                                              September 14, 2007

**Note 5:  Total:  $332,491.55**

This amount is our best effort at determining what Travelers is demanding.  As you know, we have each been disputing this entire matter since its inception.   Triton is not admitting any liability, or the amount of damages, nor is Triton hereby waiving any of our claims.

A check is enclosed in the amount of $332,491.55.   This letter does not put any conditions on the payment; this letter simply explains how we determined the amount, attempts to explain our thinking at this point and reserves all rights.

As we have discussed, Triton intends to appeal the dismissal of our counterclaims against Travelers.   We consider this payment to be another element of the damages that Triton has suffered as a result of Travelers' conduct.  If Triton prevails on appeal, we will seek repayment of these funds, as well of course as all other damages.


Sincerely,

David Boyd
President

TRITON MARINE CONSTRUCTION CORP.

**Remittance Advice**

Page 1 of 1

Check: 135483    Paid by:  TRITON MARINE CONST. CORP.    Our Account #:
Date:  09/14/07    Paid to:  TRAVELERS    Vendor Code:    35025
Amount:  332,491.55

| Inv. Date Invoice No. | Job Number | Inv. Amount | Discount | Amount Paid | Retention | Remarks |
|---|---|---|---|---|---|---|
| 08/14/07 TDD 08/14/2007 | | 332,491.55 | 0.00 | 332,491.55 | 0.00 | REF #B2617793 |
| **Check Totals** | | 332,491.55 | 0.00 | 332,491.55 | 0.00 | |



TRITON

DETACH AND RETAIN THIS STATEMENT    MERRILL CORPORATION    FMDC-CON 98001  10/98
WARNING: THIS DOCUMENT HAS A COLORED BACKGROUND AND A WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW

TRITON
MARINE
CONSTRUCTION CORP
TRITON

BB&T
BRANCH BANKING AND TRUST COMPANY
2180 CHICO WAY
PREMERTON WA 98312

| DATE | CHECK NO. |
|---|---|
| 09/14/07 | 135483 |

135483

PAY  **THREE HUNDRED THIRTY-TWO THOUSAND FOUR HUNDRED NINETY-ONE AND 55 / 100

$  ** 332,491.55

TO THE
ORDER OF:    TRAVELERS
ONE TOWER SQUARE
2S2
HARTFORD, CT  06183

TRITON MARINE CONSTRUCTION CORP

⑈135483⑈ ⑆051404260⑆513926119⑈

# Exhibit

# D

**TRAVELERS**

Sherrie L. Monteiro, AFSB

Senior Claim Executive - Salvage
Travelers
Bond and Financial Products
One Tower Square, 2S2
Hartford, CT 06183

(860) 954-4479
(888) 201-5608 (fax)
smonteir@travelers.com



September 21, 2007

Mr. David Boyd
President
Triton Marine Construction Corp.
2181 Chico Way NW
Bremerton, WA 98312

Re:  Principal:  **Triton Marine Construction Corp.**
     Action:     **Travelers Property and Casualty Insurance
                 Co. v. Triton Marine Construction Corp., C.A.
                 No. 3:02cv1500, U.S.D.C. D. Conn.**

Dear Mr. Boyd:

This will acknowledge receipt of your letter dated September 14, 2007 and will further acknowledge receipt of Triton's unconditional partial payment to Travelers of $332,491.55. This letter is being written to you, and to the individual indemnitors, in my capacity as Senior Salvage Executive and as an authorized representative of Travelers. This letter is to clarify the facts concerning Travelers' demand dated August 14, 2007 wherein it demanded reimbursement of its loss of $368,038.09. A question has been raised due to the fact that the attached itemization of losses totals $345,861.55, and not $368,038.09. As will be set forth below, the question of the $22,176.54 differential was raised by Triton and answered by Travelers at the time of Travelers' initial demand to Triton in January, 2002.

More specifically, and as you are aware, the applicable surety bonds were issued by Reliance Insurance Company. Subsequent to the issuance of the bonds, Travelers Property and Casualty Insurance Company acquired and/or became the administrator of Reliance Insurance Company. Prior to the time of the acquisition, Reliance expended $22,176.54 addressing the Triton claim. When Travelers assumed control of the claim as Administrator of Reliance, it included in its demand to Triton the $22,176.54 on its itemized statement as "paid to date-converted" with a date of June 26, 2000. This itemized statement was provided to you in January, 2002. In other words, the $22,176.54 that we are now discussing was part of Travelers' original demand to the indemnitors. On January 29, 2002, you sent me a letter inquiring as to the nature of the $22,176.54 payment. For your convenience, a copy of your letter is attached. On January 30, 2002, I responded to you with an itemization of the payments. In particular,

Page _

I indicated to you that the $22,176.54 was comprised of two groups of payments. The first was to our consultant, Arvin Daum, in the amount of $17,335.95. The second was for reimbursement of Travelers' claim expenses in the amount of $4,840.59. Again, for your convenience, a copy of my January 30, 2002 letter to you is attached.

Accordingly, Travelers' loss of $368,038.09 was correctly stated in my August 14, 2007 demand letter to the indemnitors. Equally important, the $22,176.54 that you have questioned was set forth in Travelers' original 2002 demand of $164,078.60.

I trust this answers any remaining question you may have concerning the $22,176.54, the itemization of that amount, and the fact that it was originally demanded of Triton and the indemnitors in January, 2002.

Very truly yours,

Sherrie Monteiro

Page _

I, Sherrie L. Monteiro, am Senior Salvage Executive for Travelers Casualty and Surety Company, which is the Administrator for and as Successor in Interest to Reliance Insurance Company. I am an authorized representative of Travelers.

Under the pains and penalties of perjury, I swear that the statements set forth in the foregoing letter is true and accurate.


_Sherrie L. Monteiro, AFSB_
Senior Salvage Executive
Authorized Representative of Travelers,
as Administrator for and as Successor
in Interest to Reliance Insurance Company

Subscribed and sworn to before me
this 21st day of Sept, 2007
_____
Notary Public
Date Commission Expires: 4-30-2011

cc:    Bradford R. Carver, Esq.
       John J. O'Brien, Esq.
       Dale Martin, Esq.
       R. John Armstrong
       Patricia B. Armstrong
       Leola E. Daly
       N. Jean Searle
       William F. Searle
       Wendell E. Webber
       Janice K. Webber
       Sandra F. Prestridge
       A. Burton Prestridge
       Edward A. Wardell
       Carolyn S. Wardell
       Jerry W. McDonald
       Mary J. McDonald
       Estate of Eugene F. Daly

# TRITON MARINE CONSTRUCTION CORP.
### 2181 Chico Way NW, Bremerton, WA 98312
### Phone (360) 373-7090; Fax (360) 373-6335

January 29, 2002

TO:  Travelers
     Ms. Sherrie Montiero
     1 page total
     (860) 277-5722

FROM: David Boyd

Subject: Abiquiu Dam; Travelers Reimbursement Request

*[handwritten: Abiquiu]*

*[handwritten: Scope - monitor completion contract, in completion of Contractor's Fiduciary Service, 6,272 consulting fees, 1,127.47 expenses]*

Ms. Montiero:

We received the faxed list of Travelers payments made on the referenced claim. I have a few questions:

1. What is the nature of the 12/4/2000 payment of $7,899.47 to Theodore Brown?
2. What is the nature of the $22,176.54 "Various" payments made prior to 6/26/2000?
3. What is the nature of the four payments made to Cerulo & Capone that total $20,258.97? — *[handwritten: Legal fees]*

Thank you for prompt response to these questions.

*[signature: D Boyd]*

<u>**VIA FACSIMILE**</u>

January 30, 2002

David Boyd
President
Triton Marine Construction Corp.
2181 Chico Way NW
Bremerton, WA 98312

Re:    Principal: Triton Marine
        Our Claim No: E99-02011
        Your File No: 1037-7

Dear Mr. Boyd:

This will respond to your letter to me dated January 29 and your letter dated January 29 to John Scarpellino which has been forwarded to me.

First, allow me to respond to your requests. This file has been reassigned to me to manage the recovery efforts on the file and therefore, I am Travelers point of contact on this matter.

Our indemnity agreement is a contract between Travelers and the indemnitors and we will be sending the demand letters to each indemnitor individually. I will, however, agree to postpone the mailing of these letters until Tuesday, February 5 to provide you with some time to make whatever contact you feel is necessary with any or all indemnitors. I will also be sending a letter to Triton Marine, as corporate indemnitor, which will include a deadline date for which to respond to our demand for repayment. That time period should be more than adequate for you to review the costs that represent the $164,078.60 demand. Please understand that this figure represent only the costs incurred as of January 18, 2002.

I have responded below to your questions concerning the payment list that was forwarded to you.

1.  The $7,899.47 payment to Theodore Brown was consulting fees by Contractor's Fiduciary Services to monitor the completion contractor in completion of the Abiquiu Dam.

2.  The $22,176.54 various payments made prior to 6/26/2000 can be broken down as follows:

    $17,335.95 to Arvin Daum
    $ 4,840.59 for claim Travelers

3.  The four payments to Cetrulo & Capone were for legal services paid to Brad Carver.

I trust this responds to all your requests and questions. You can direct any other inquiries or discussions on settlement to my attention or to our counsel, Brad Carver.

Very truly yours,


_____

cc: Brad Carver, Esq., Cetrulo & Capone

# Exhibit
# E



## TRITON

October 16, 2007

Travelers
Bond and Financial Products
Attn: Sherrie L. Monteiro
One Tower Square
Hartford, CT 06183

Dear Ms. Monteiro,

This letter concerns Triton's payment to Travelers in 2001.

Triton maintains that Travelers should acknowledge the payment, and apply it against the amount that you claim is owed.   You suggested (via a September 14 email, attached) that Triton pursue the matter though our bonding agent.   We have done so.

We verified a few things:
- The payment to Travelers was $11,746 instead of $13,370 as Triton had claimed previously.   Triton paid the agent (Willis) $13,370; Willis deducted its commission and remitted $11,746 to Travelers.
- The $11,746 payment was made to Travelers by wire transfer on October 29, 2001.
- This was a Travelers billing and a payment to Travelers, not "an old Reliance underwriting" matter.

Travelers initiated this billing during the time period that Travelers is demanding that its expenses be repaid by Triton.   Travelers received $11,746 for Triton's account, and it should be applied to the amount that you claim is owed.

Enclosed are documents from Willis' accounting system that demonstrate receipt of funds from Triton, and the payment to Travelers.

Let me know if you see this differently.


David Boyd
President

**TRITON MARINE CONSTRUCTION CORP**

**Dave Boyd**

| | |
|---|---|
| **From:** | "Monteiro,Sherrie L" <SMONTEIR@travelers.com> |
| **To:** | "Dave Boyd" <dboyd@triton-marine.com> |
| **Cc:** | "Bradford R. Carver" <bcarver@hinshawlaw.com> |
| **Sent:** | Friday, September 14, 2007 12:49 PM |
| **Subject:** | RE: Settlement offer |

David:

At this point, any offers should be made in writing. Having said that, however, it does not have to be anything formal – e-mail is fine.

With respect to the carry forward costs detailed on the Reliance system, I can get that additional listing of payments to you (consisting of payments for field travel, Cetrulo & Capone and Arvin Daum fees made prior to the conversion to our system) but those expenses are included in the number communicated at $368,038.09. That includes all indemnity and expense loss paid to date and this is the number you should be working off of for settlement purposes. Our claim system does not include any underwriting premium data and therefore, that is not included in this number.

I made a couple of inquiries and there doesn't appear to be an easy way to go back through old Reliance underwriting records to look into the issue raised about the potential of a premium overpayment that might have been made as far back as 2001. To the extent that this is something you now want to pursue at this very late date, I suggest you compile your documentation supporting this overpayment and send it in writing to your agent for them to explore further.

I am out of the office on business next week on Wednesday and Thursday. Let me know when you expect to present your offer for consideration.

Sherrie


Sherrie L. Monteiro, AFSB
Travelers
Bond and Financial Products
One Tower Square, 2S2
Hartford, CT 06183
PHONE: (860) 954-4479
FAX:    (888) 201-5608
EMAIL:  smonteir@travelers.com

---

**From:** Dave Boyd [mailto:dboyd@triton-marine.com]
**Sent:** Friday, September 14, 2007 12:19 PM
**To:** Monteiro,Sherrie L
**Subject:** Settlement offer

Hi Sherrie.

Confirming the phone message that I left you:

I'm finalizing a settlement offer. A couple of questions before I wrap it up:
1. Have you located any backup for the $22k of old Reliance carry-forward costs? Have we verified that old Reliance costs account for the $$ discrepancy?
2. Any luck with Underwriting in verifying Triton's payment back in 2001? (note–I don't think that Triton was doing any other business with Travelers Bond back then, so anything received from Triton in 2001 was probably that payment).
3. Do you want any offer to be strictly in writing (as you indicated last Friday)? Or do you want me to tell you about it, then follow it up in writing? Either way's fine with me.
Dave Boyd
(360) 373-7090

==================================================================================
This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may

==================================================================================
The Travelers e-mail system made this annotation on 09/14/07, 15:50:01.

**Dave Boyd**

| | |
|---|---|
| From: | "Claeys, John" <john.claeys@willis.com> |
| To: | <dboyd@triton-marine.com> |
| Sent: | Monday, October 15, 2007 11:58 AM |
| Subject: | FW: 2001 Travelers Invoice & payment - Triton |

Dave, attached is our internal accounting entries that show we received $ from Triton, and paid Travelers for the over run.

These billings are initiated by Travelers, not Willis.

You will note there are some issues related to dates here. New York cant say why, but it looks like your money sat on account for some time, Willis then generated a different invoice, and paid Travelers. Between your check, and the invoices, it should be clear that Triton paid, at the request of Travelers.

john

From: Rife, Pamela
Sent: Monday, October 15, 2007 11:52 AM
To: Nelson, Pam
Cc: Claeys, John
Subject: RE: 2001 Travelers Invoice & payment - Triton

Pam/John:

Travelers was paid on the following wire transfer - last page:









Pamela K. Rife
Senior Vice President
Surety Manager
Willis of New York, Inc.
One World Financial Center
200 Liberty Street, 6th Floor
New York, NY   10281
Telephone:  212-915-7966
Fax:     212-519-5443
Cellular:    917-805-6687
pamela.rife@willis.com

---

**From:** Nelson, Pam
**Sent:** Monday, October 15, 2007 2:21 PM
**To:** Rife, Pamela
**Cc:** Claeys, John
**Subject:** FW: 2001 Travelers Invoice & payment - Triton

Hi Pam,

I need your help with an old Triton invoice.   A copy is attached - this goes all the way back to 2001.

Triton needs evidence from Willis that this invoice was paid by Triton and also that Travelers was paid by Willis.

The invoice was generated from New York, so my accounting folks won't have access to the info.   Would you be able to help us with this?   Or give me a contact person in your accounting office that might be able to help?

Thanks,
Pam

---

**From:** Claeys, John
**Sent:** Monday, October 15, 2007 11:07 AM



# TRITON

October 17, 2007

Travelers
Bond and Financial Products
Attn: Sherrie L. Monteiro
One Tower Square
Hartford, CT 06183

Dear Ms. Monteiro,

This letter is in response to your letter dated September 21, 2007.  In that letter, you attempted to explain the difference between your demand letter amount ($368,038.09), and the itemization of loss amount ($345,661.55) that you sent along with the demand letter.

Your letter points out that there are two items that account for the $22,176.56 discrepancy.  One of the items still can't be reconciled.  In particular, there appears to be a $4,840.59 error in the figures:

- Your 9/21/07 letter states that "Prior to the time of the acquisition (Travelers acquisition of Reliance), Reliance had expended $22,176.54 addressing the Triton claim".
- Yet the backup for the $4,840.59 item identifies it only as: "for claim Travelers".

There must be a mistake in the accounting.  It is not clear how or why Reliance expended $4,840 "for claim Travelers" prior to the time of acquisition.  It is also not clear that "for claim Travelers" is a reasonable itemization by any standard.

The second of the two items is "$17,335.95 to Arvin Daum".  We are enclosing a check for that amount.  I emphasize, that in making this tender to Travelers, Triton does not in any way admit liability or damages.  In fact we continue expressly to deny any debt or obligation to Travelers.  Rather, all rights are reserved, including as set forth in the final paragraph of this letter.  The purpose of this letter is principally to eliminate any claim for interest on the amount tendered herein.

**TRITON MARINE CONSTRUCTION CORP**
**2181 CHICO WAY NW, BREMERTON, WA 98312 --- PHONE 360/373-7090—FAX**
**360/373-6335**

● Page 2                                                    October 17, 2007

With this check, we believe that Travelers' demand has been paid in its entirety, as follows:

| | | |
|---|---|---|
| Travelers demand dated 8/14/2007: | $ 368,038.09 | |
| Less Triton payment on 10/29/2001: | ($ 11,746.00) | (Note 1) |
| Less Accounting Error described above: | ($ 4,840.59) | |
| | | |
| Net (Corrected) Demand: | | $ 351,451.50 |
| | | |
| Triton payment dated 9/14/2007: | $ 332,491.55 | |
| Triton payment (for Arvin Daum): | $ 17,335.95 | |
| Bond Commission refund: | $ 1,624.00 | (Note 1) |
| | | |
| Total of Payments: | | $ 351,451.50 |

Note 1:
Triton withheld $13,370 from the payment made on 9/14/07 to reflect a payment made on Triton's behalf to Travelers in 2001. Triton indeed paid $13,370 to the Bond Agent, but the agent withheld $1,624 commission; Travelers received only $11,746. Since Travelers did not receive the $1,624 bond commission (the Agent did), the $1,624 is included here to reconcile the numbers. Triton's letter to Travelers dated 10/16/07 addresses this matter in more detail.


As we have discussed, Triton intends to appeal the granting the summary judgment in Travelers favor and the dismissal of our counterclaims against Travelers. We consider this payment to be another element of the damages that Triton has suffered as a result of Travelers' conduct. If Triton prevails on appeal, we will seek repayment of these funds, as well of course as all other damages.


Sincerely,

David Boyd
President

# Exhibit

# F

**Remittance Advice**

Page 1 of 1

Check: 135912    Paid by: TRITON MARINE CONST. CORP.    Our Account #:
Date: 10/17/07    Paid to: TRAVELERS    Vendor Code:    35025
Amount: 17,335.95

| Inv. Date | Invoice No. | Job Number | Inv. Amount | Discount | Amount Paid | Retention | Remarks |
|-----------|-------------|------------|-------------|----------|-------------|-----------|---------|
| 10/17/07 TLD 09/21/07 | | | 17,335.95 | 0.00 | 17,335.95 | 0.00 | REF #B2617793 |
| | **Check Totals** | | 17,335.95 | 0.00 | 17,335.95 | 0.00 | |



DETACH AND RETAIN THIS STATEMENT    MERRILL CORPORATION    FMDC-CON 98001  10/98

WARNING: THIS DOCUMENT HAS A COLORED BACKGROUND AND A WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW

**TRITON MARINE CONSTRUCTION CORP.**
2181 CHICO WAY
BREMERTON, WA 98312

**BB&T**
BRANCH BANKING & TRUST COMPANY
FAIRFAX, VA 22030

68-426
514

| DATE | CHECK NO. |
|------|-----------|
| 10/17/07 | 135912 |

135912

PAY    **SEVENTEEN THOUSAND THREE HUNDRED THIRTY-FIVE AND 95 / 100**

$    ** 17,335.95

TO THE
ORDER OF:
TRAVELERS
ONE TOWER SQUARE,
2S2
HARTFORD, CT. 06183

TRITON MARINE CONSTRUCTION CORP.

*Frances Stucker*

⑈135912⑈ ⑆051404260⑆513926119601⑈

# Exhibit

# G



**TRITON**

November 9, 2007

Travelers
Bond and Financial Products
Attn: Sherrie L. Monteiro
One Tower Square
Hartford, CT 06183

Dear Ms. Monteiro,

Enclosed is a check for $1,624. This amount represents the commission that the bond agent (Willis) extracted from Triton's payment to Travelers in October 2001.

With this payment, Triton has paid Travelers $351,451.50:

| | |
|---|---|
| Payment of 9/14/07: | $332,491.55 |
| Payment of 10/17/07: | $ 17,335.95 |
| This payment: | $  1,624.00 |
| Total: | $351,451.50 |

The Paid amount matches what we believe to be Travelers' revised "demand" amount:

| | |
|---|---|
| Travelers demand dated 8/14/2007: | $ 368,038.09 |
| Less Triton payment on 10/29/2001: | ($  11,746.00) |
| Less Accounting Error: (see letter of 10/17/07) | ($   4,840.59) |
| Net (Corrected) Demand: | $351,451.50 |

As we have discussed, Triton intends to appeal the dismissal of our counterclaims against Travelers. If Triton prevails on appeal, we will seek repayment of these funds, as well as all other damages.

Sincerely,

David Boyd
President

VENDOR # _35025_
INVOICE # _AGENT Comm  10/21/2001_
DATE_____ DUE_____
CODING _20-9972-09_
VERIFIED_____
APPROVED_____

REF # B2617793

---

**TRITON MARINE CONSTRUCTION CORP**
**2181 CHICO WAY NW, BREMERTON, WA 98312 --- PHONE 360/373-7090—FAX 360/373-6335**