UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRITON MARINE CONSTRUCTION CORP., ET AL.,<br><br>Defendant. | CIVIL ACTION NO: 02 CV 1500 (SRU) |

**REPLY BRIEF OF TRAVELERS PROPERTY AND CASUALTY INSURANCE COMPANY TO THE DEFENDANTS' OPPOSITION TO TRAVELERS' RENEWED MOTION FOR SUMMARY JUDGMENT**

I.   INTRODUCTION

Travelers Property and Casualty Insurance Company[1] ("Travelers") hereby submits the following Reply to the Defendants' Opposition to Travelers' Renewed Motion for Summary Judgment.[2]

II.  ARGUMENT

A.   The Defendants' Payment To Travelers.

Subsequent to Travelers' August 17, 2007 demand, the Defendants paid Travelers a total of $351,451.50. For purposes of this motion only, Travelers accepts the Defendants' accounting

---

[1] On or about May 2000, Travelers purchased certain assets and liabilities relating to the surety and fidelity lines of Reliance Group Holdings, Inc., including the potential rights and obligations arising from surety bonds issued by Reliance Insurance Company, such as the Bond and Indemnity Agreement which are the subject of this lawsuit. (Affidavit of Sherrie L. Monteiro ("1st Monteiro Affidavit") submitted in connection with Travelers' Motion for Summary Judgment at ¶ 4). Travelers is Administrator for Reliance Insurance Company ("Reliance"). Unless otherwise specified, Reliance will be referred to herein as "Travelers." (1st Monteiro Affidavit at ¶ 4; Exhs. 26 and 28 to the Affidavit of Bradford R. Carver, Esq. ("Carver Affidavit") submitted in connection with the Travelers' Motion for Summary Judgment).

[2] Travelers incorporates by reference the Local Rule 56(a)(1) Statement that it Submitted with its initial Motion for Summary Judgment ("Travelers' 1st Local Rule 56(a)(1) Statement") as well as the Local Rule 56(a)(1) Statement it submitted in conjunction with Travelers' Renewed Motion for Summary Judgment ("Travelers' 2nd Local Rule 56(a)(1) Statement").

that reflects that the Defendants have reimbursed Travelers the full amount of principal owed. Accordingly, this Brief will reply solely to the Defendants' incorrect assertion that Travelers is not entitled to recover prejudgment interest.

**B.    Travelers Is Contractually and Statutorily Entitled To Prejudgment Interest.**

The right to recover interest on a disputed demand is contingent upon a contract or statute providing for such a right. Paulus v. LaSala, 56 Conn.App. 139, 147-148 (1999) (citing New York, N.H. & H.R. Co. v. Ansonia Land & Water Power Co., 72 Conn. 703, 705 (1900)). In this case, Travelers satisfies both conditions. Travelers is entitled to recover prejudgment interest based on both the applicable contractual provisions found in the general indemnity agreement between Travelers and the Defendants (the "Indemnity Agreement") and the provisions of Conn. Gen. Stat. § 37-3a.

**1.    Travelers Is Entitled To Prejudgment Interest Based On The Terms Of The Indemnity Agreement From The Date Of Its Initial Demand.[3]**

Pursuant to the Indemnity Agreement, the Defendants agreed to:

> . . . indemnify, and keep indemnified, and hold and save harmless [Travelers] against all LOSS. The duty of INDEMNITORS to indemnify [Travelers] is a continuing duty, separate from the duty to exonerate, and survives any payments made in exoneration of [Travelers]. **Amounts due [Travelers] shall be payable upon demand.**

(Travelers' 1st Local Rule 56(a)(1) Statement at ¶ 4) (emphasis added).

"Loss" is a defined term that includes "interest at the maximum legal rate allowable on all sums due it from the date of [Travelers'] **demand** for said sums, whether or not interest has

---

[3] Travelers' January 18, 2002 demand was for $164,078.60. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶ 39). As explained later in this Brief, Travelers is entitled to interest on that amount from January 18, 2002. In its original Motion for Summary Judgment, Travelers submitted a second demand for an additional $98,980.15 that accrued subsequent to the first demand. (Travelers' Memorandum of Law in Support of its Motion for Summary Judgment; 1st Monteiro Affidavit at ¶¶ 15-16). Travelers is thus entitled to recover prejudgment interest on that additional amount from September 30, 2004, the date that Travelers filed its original Motion for Summary Judgment. (Docket No. 46). Travelers demanded that the Defendants reimburse it an additional $104,979.34 on August 14, 2007. (2nd Monteiro Affidavit at ¶ 3). Travelers is therefore entitled to prejudgment interest on that amount from August 14, 2007. For the sake of clarity, when referring to a demand, Travelers will only refer to the January 18, 2002 demand.

been awarded by a court . . ." (Id. at ¶ 5) (emphasis added). Accordingly, Travelers is contractually entitled to recover prejudgment interest on any amount owed under the Indemnity Agreement from the date it first demands payment of that amount. (Id.).

In its Brief in Opposition, to support their assertion that interest began to run as of August 17, 2007, the Defendants rely upon this Court's earlier ruling that Travelers was not entitled to indemnification as a matter of law due to its not submitting a sworn to itemized statement of damages with its initial demand. (Defendants' Opposition to Travelers' Renewed Motion for Summary Judgment at pp. 10-11).[4]

With due respect, Travelers asserts that both the Defendants' contention and this Court's prior ruling were in error insofar as the Court's discussion of the "demand" requirement under the Indemnity Agreement. In its ruling, the Court held that because Travelers did not submit a sworn to itemized statement of damages with its initial demand a reasonable jury could find in favor of the Defendants on Travelers claim for indemnification. (Id.). In making this decision, the Court relied on a discrete section of the Indemnity Agreement. (Id.). That section provided in part that:

> [i]n the event of any payment, settlement, compromise, or investigation, an itemized statement of LOSS sworn to by an officer or authorized representative of [Travelers] or voucher(s) or other evidence of such LOSS shall be prima facie evidence of the fact and extent of the liability of INDEMNITORS.

(Exh. 27 to the Carver Affidavit at p. 13).

In industry parlance, this provision is known as the "prima facie evidence clause" and as commentators have noted, its sole purpose is to shift the evidentiary burden from a surety to the indemnitor with respect to the propriety of a payment by a surety. "The purpose and effect of the

---

[4] Travelers chose to submit an itemized sworn to statement of damages with its August 17, 2007 demand in order to come within the terms of the Court's previous ruling. In doing so, Travelers did not admit that its January 20, 2002 demand was deficient or that it was only entitled to reimbursement if it submitted a sworn to itemized statement of damages with its demand.

3

prima facie evidence clause is to simplify the surety's task in proving its case for indemnity, and to shift to the indemnitors the burden of going forward with evidence that any of the surety's payments are improper or unrecoverable." EDWARD G. GALLAGHER, THE LAW OF SURETYSHIP pp. 498-499 (2d ed. 2000) (attached as Exhibit A). Stated another way, the "prima facie evidence clause" is solely concerned with the burden of proof and has no relation to the definition of a "demand" under the Indemnity Agreement. See id. Merely because the "prima facie evidence clause" simplifies the evidentiary hurdle Travelers must go through to prove its "loss" does not mean that Travelers is only entitled to recover prejudgment interest if it includes an itemized and sworn to statement of damages with its demand. See id. Again, all that is required for the accrual of prejudgment interest to begin is for Travelers to make a simple demand for indemnification under the applicable section of the Indemnity Agreement. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶ 5).

In fact, a review of the entire Indemnity Agreement reveals that the word "demand" is never coupled with the phrase "sworn statement." (Exh. 27 to the Carver Affidavit). The Defendants may not rely on one isolated phrase in the Indemnity Agreement at the expense of the clear intent of the remaining contractual language. See Patron v. Konover, 35 Conn.App. 504, 509-510 (1994) (citing Connecticut Co. v. Division 425, 147 Conn. 608, 617 (1960)). In reading the Indemnity Agreement as whole, it is unambiguous that demands do not have to be accompanied by sworn to itemized statements of loss. See id. Travelers initially demanded payment on January 18, 2002. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶ 39). Accordingly, under the clear language of the Indemnity Agreement, Travelers is contractually entitled to prejudgment interest at the rate of ten percent from that date. See Paulus, 56 Conn.App. at 147-148; see also Bic Sport USA, Inc. v. Kerbel, 995 F.Supp. 244, 257 (1997)

34035338v1 856823

(date that interest began to accrue under Conn. Gen. Stat. § 37-3a dictated by terms of Dealers Agreement); Personal Finance Co. v. Lillie, 129 Conn. 290, 292-293 (1942) (noting that application of Gen.St.1930 § 4731, which allowed for prejudgment interest, confined to contracts with no express rate of interest provision).

### 2. Travelers Is Entitled To Prejudgment Interest Under Conn. Gen. Stat. § 37-3a From The Date Of Its Initial Demand.

Because Travelers is provided the right to recover prejudgment interest pursuant to the clear language of the Indemnity Agreement, it is unnecessary for this Court to determine whether Travelers is entitled to recover prejudgment interest under Conn.Gen. Stat. § 37-3a. See id. However, even if this Court were to engage in a statutory analysis, Travelers should still be entitled to recover prejudgment interest. See Conn.Gen. Stat. § 37-3a.

Pursuant to Conn.Gen.Stat. § 37-3a, ". . . interest at the rate of ten per cent a year and no more, may be recovered and allowed in civil actions or arbitration proceedings . . . as damages for the detention of money after it becomes payable." "The purpose of General Statutes § 37-3a is to provide compensation for a delay in obtaining money which rightfully belongs to the plaintiff." Suffield Dev. Assoc. Ltd. P'ship v. Nat'l Loan Investors, L.P., 97 Conn.App. 541, 569-570 (2006) (quoting Neiditz v. Morton S. Fine & Assoc.'s, Inc., 2 Conn.App. 322, 331 (1984)). An award of prejudgment interest under Section 37-3a is an equitable determination within the discretion of the court. Brandewiede v. Emery Worldwide, 890 F.Supp. 79, 82 (D. Conn. 1994); Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 482 (1988). Whether prejudgment interest should be awarded is a decision made in view of the demands of justice rather than through the application of an arbitrary rule. West Haven Sound Dev. Corp. v. West Haven, 207 Conn. 308, 321 (1988).

5

In evaluating whether prejudgment interest is appropriate, the trial court must determine whether the party against whom interest is sought has wrongfully detained money due the other party. Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc., 239 Conn. 708, 735 (1997); Metcalfe v. Tlarski, 213 Conn. 145, 160 (1989). There does not need to be bad faith on the part of a defendant in order for its withholding to be considered wrongful. Ferrato v. Webster Bank, 67 Conn.App. 588, 596 (2002). All that is required is that the defendant retained money without the legal right to do so. Id. The court must also determine the date upon which the wrongful detention began in order to determine the time from which interest should be calculated. Blakeslee Arpaia Chapman, Inc., 239 Conn. at 735.

### i.   The Defendants Wrongfully Withheld Money Due To Travelers On January 18, 2002.

Under the Indemnity Agreement, the Defendants were required to indemnify Travelers upon receipt of Travelers' January 18, 2002 demand. The Indemnity Agreement provides that the Defendants are to "indemnify, and keep indemnified, and hold and save harmless [Travelers] against all LOSS." (Travelers' 1st Local Rule 56(a)(1) Statement at ¶ 4). "Loss" includes all:

> . . . damages, costs, attorney fees and liabilities (including all expenses accrued in connection therewith) which [Travelers] sustain or incur by reason of executing or procuring the execution of the BOND(s) . . . by reason of making any investigation on account thereof, prosecuting or defending any action in connection therewith . . [or] attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the provision of [the Indemnity Agreement] . . .

(Id. at ¶ 5).

The Indemnity Agreement succinctly and unambiguously states that "[a]mounts due [Travelers] shall be payable on demand." (Id. at ¶ 4). To be contractually entitled to recover for its "loss" all that was required was for Travelers to make a straightforward demand for reimbursement. (Id. at ¶ 4). Submitting a sworn to itemized statement of damages is not a

6

condition precedent to Travelers' right to indemnity. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶ 4). Rather, as indicated by the clear language of the Indemnity Agreement, it was the demand that triggered the Defendants' contractual duty to indemnity Travelers. (Id.). Accordingly, the Defendants' failure to promptly reimburse Travelers after the January 18, 2002 demand constituted a clear wrongful withholding of money owed to Travelers. See Ferrato, 67 Conn.App. 588, 596 (2002). Travelers is therefore entitled to recover prejudgment interest from January 18, 2002 at the statutory rate of ten percent. See id.

Moreover, in dismissing all of the Defendants' Counterclaims at the summary judgment stage, and only denying Travelers' Motion for Summary Judgment due to an alleged technical deficiency with its demand, this Court effectively ruled that Travelers did not act in bad faith and was entitled to indemnification. See Travelers Property and Casualty Ins. Co. v. Triton Marine Constr. Corp., 473 F.Supp. 2d 321 (D.Conn. 2007). Recognizing this implicit ruling, the Defendants, after receipt of a sworn to itemized statement of damages, paid Travelers $351,451.50. (Defendants' Opposition to Travelers' Renewed Motion for Summary Judgment at pp. 9-10). Furthermore, the Defendants acknowledge in their Opposition to Travelers' Renewed Motion for Summary Judgment that due to the Court's ruling on their Counterclaims their Affirmative Defenses must also necessarily fail. (Id. at p. 8). This Court's ruling that the Defendants' Counterclaims lacked enough merit to survive summary judgment plainly indicates that the Defendants had no legal basis for failing to indemnify Travelers. (Id.). The Defendants' failure to indemnify Travelers was therefore wrongful. See Ferrato, 67 Conn.App. at 596. Moreover, even if there were a legitimate dispute as to whether the Defendants owed Travelers indemnification, which there was not, Travelers would still be entitled to recover prejudgment interest. See Prime Management Co., Inc. v. Steinegger, 904 F.2d 811, (1990) (citing Harris

Calorific Sales Co. v. Manifold Systems, Inc., 18 Conn.App. 559, 566 (1989) (prejudgment interest appropriate even if legitimate dispute existed). Travelers is thus entitled to prejudgment interest at the rate of ten percent. See id.

        ii        **It Would Be Inequitable To Deny Travelers Prejudgment Interest On Monetary Amounts Wrongfully Withheld.**

Equity dictates that Travelers recover prejudgment interest on the amounts wrongfully withheld. See Brandewiede, 890 F.Supp. at 82; Ferrato, 67 Conn.App. at 596. Instead of immediately reimbursing Travelers after receiving the January 18, 2002 demand, the Defendants instead chose to withhold payment forcing Travelers to pursue its rights through years of litigation. (Docket Nos. 1-98). Throughout this lengthy litigation, Travelers has been deprived of the time value of the money that it was undisputedly owed. (Id.). It would be inequitable to deprive Travelers recovery of that value. See Brandewiede, 890 F.Supp. at 82; Ferrato, 67 Conn.App. at 596.

In contending that it would be inequitable to allow Travelers to recover prejudgment interest, the Defendants reargue the very same Counterclaims that this Court determined could not withstand summary judgment. (Triton's Opposition to Travelers' Renewed Motion for Summary Judgment). As this Court previously indicated, the Defendants had no right to expect Travelers to pursue any affirmative claims of Triton Marin Construction Corp. ("Triton") because no such duty existed in the Indemnity Agreement. See Triton Marine Constr. Corp., 473 F.Supp. 2d at 327-333. Without such a duty, any alleged failure to pursue affirmative claims in no way tilts the balance of equities towards the Defendants. See Triton Marine Constr. Corp., 473 F.Supp. 2d at 327-333; Brandewiede, 890 F.Supp. at 82.

In any event, a closer look at the Defendants' arguments as to the equities reveals them to be meritless. Despite the Defendants' incorrect assertions, the Indemnity Agreement allows

Travelers to recover all costs sustained by reason of executing the bond, not just payments made to discharge Triton's obligations. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶¶ 4, 5). Clearly, the costs associated with negotiating a workout agreement with Triton, Travelers principal, were incurred by reason of Travelers' executing the bond. (See id.). Likewise, attorneys' fees incurred in relation to Travelers' enforcement of its indemnity rights are also costs incurred in relation to the issuance of the bond. (See id.). Travelers' pursuit of money indemnification clearly owed to it in no way demonstrates that it would be inequitable to allow for the recovery of prejudgment interest. See Brandewiede, 890 F.Supp. at 82.

Additionally, the Defendants' contention that Travelers somehow prevented Triton from pursuing its rights against the government is baseless. In fact, Triton actually pursued affirmative claims against the government and voluntarily waived its right to recover any of the costs that it may have incurred as a result of the rework. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶¶ 62-69). Similarly, the Defendants' claim that Travelers "could have paid itself without ever having to pursue this lawsuit or incur the expense involved in doing so" because it "neglected and omitted to include, despite Triton's repeated requests, [Travelers'] own legitimate markups and costs on the extras" is without merit. See Triton Marine Constr. Corp., 473 F.Supp. 2d at 327-333. Again, Triton had its opportunity to pursue its affirmative claims and chose to voluntarily waive its right to recover. (Travelers' 1st Local Rule 56(a)(1) Statement at ¶¶ 62-69).

As this Court correctly noted in its decision on the previous Motion for Summary judgment, there is "no provision in the indemnity agreement that imposes on the surety the duty to pursue any particular claim or appeal." See Triton Marine Constr. Corp., 473 F.Supp. 2d at 327. Without such a duty any alleged action or inaction by Travelers in relation to those affirmative claims is irrelevant to this Court's evaluation as to the equities in awarding

9

prejudgment interest. See id. The equities thus clearly favor Travelers recovering prejudgment interest. See Brandewiede, 890 F.Supp. at 82.

### III. CONCLUSION

For the foregoing reasons, Travelers Property and Casualty Insurance Company respectfully requests that this Honorable Court grant its request for prejudgment interest at the rate of ten percent, and for such other and further relief that this Court deems just and proper.

Respectfully submitted,
**TRAVELERS PROPERTY AND CASUALTY INSURANCE COMPANY**
By Its Attorneys,

*/s/ Bradford R. Carver*
Bradford R. Carver, (CT 12846)
HINSHAW & CULBERTSON LLP
One International Place, 3rd Floor
Boston, MA 02110
617-213-7000
617-213-7001 (facsimile)

Local Rule 83.1(c) Counsel:

James E. Mack, Esq.
Travelers
One Tower Square, 2S1A
Hartford, CT 06183

### CERTIFICATE OF SERVICE

I, Bradford R. Carver, hereby certify that on November 29, 2007, a copy of the Reply Brief to the Defendants' Opposition to Travelers' Renewed Motion for Summary Judgment, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Bradford R. Carver*
Bradford R. Carver, (CT 12846)

34035338v1 856823