# EXHIBIT A

# The Law of Suretyship

Edward G. Gallagher, *Editor*



TORT AND INSURANCE PRACTICE
AMERICAN BAR ASSOCIATION



Defending Liberty
Pursuing Justice

*Armen Shahinian*

the indemnitors fail to post collateral;[64] or when the surety is facing claims from numerous parties;[65] or when it appears that defending the claim would be unjustifiably costly.[66]

Other courts, when addressing whether the surety has settled claims in "good faith" have also focused on whether the surety reasonably believed that the claim should be paid. In *United States ex rel. Trustees of Electrical Workers Local Pension Fund v. D Bar D Enterprises, Inc.*,[67] for example, the principal argued that the surety acted in bad faith when it settled claims apparently preempted by ERISA. Although noting that there was strong legal authority for finding preemption, the court found that because the surety reasonably considered the claims and its possible defenses to the claims, it had acted in good faith and should be indemnified.

## III. *The Prima Facie Evidence Clause*

In conjunction with the surety's right to compromise and settle claims, and to recover for expenses incurred in good faith, courts have also upheld clauses which provide, in substance, as follows: "In the event of payments by the Surety, the Indemnitors agree to accept the voucher of the Surety or other evidence of such payments as prima facie evidence of the propriety thereof, and of the Indemnitor's liability therefor to the Surety."[68]

### A. THE EFFECT OF THE PRIMA FACIE EVIDENCE CLAUSE

The purpose and effect of the prima facie evidence clause is to simplify the surety's task in proving its case for indemnity, and to shift to the indemnitors the burden of going forward with evidence that any of the surety's payments are improper or unrecoverable. Thus, under such clauses, "courts have routinely held that once a surety has submitted the required documentation of payments, the burden under Rule 56[69] shifts to the principal to prove the existence of a genuine issue of material fact for trial."[70] This means that, except in the rare case where the indemnitors are able to submit sufficient admissible evidence (as opposed to

---

the fact that the plaintiff expended its own money in circumstances in which the financial conditions of its indemnitors made recovery of the money spent less than completely certain." See also *Transamerica Insurance Co. v. H.V.A.C. Contractors, Inc.*, 857 F. Supp. 969, 974 (N.D.Ga. 1994) ("Plaintiff had nothing to gain by inflating payments. To the contrary, each payment required more work and risk on plaintiff's part that it might not recover from defendants under the Agreement of Indemnity.").

64. *Feibus*, 15 F. Supp.2d at 586; *Employers Insurance Company of Wausau v. Able Green, Inc.*, 749 F. Supp. 1101, 1103 (S.D.Fla. 1990).

65. *General Accident Insurance Company of America v. Merritt-Meridian Construction Corp.*, 975 F. Supp. 511, 519 (S.D.N.Y. 1997) (The surety was "faced with numerous subcontractor claims on Merritt projects, which would reasonably lead it to conclude that the owners' claims were valid and Merritt's complaints meritless.").

66. *Able Green, Inc.*, 749 F. Supp. at 1103; *General Insurance Company of America v. Singleton*, 115 Cal.Rptr. 291, 294 (Cal. Ct. App. 1974).

67. 772 F. Supp. 1167 (D.Nev. 1991).

68. *Acstar Insurance Company v. Teton Enterprises*, 670 N.Y.S.2d 588 (N.Y. App. Div. 1998) (enforcing prima facie evidence clause and finding that indemnitors had failed to produce evidence sufficient to overcome the surety's right to summary judgment).

69. Fed. R. Civ. Pr. 56, which applies to motions for Summary Judgment.

70. *United States Fidelity & Guaranty Co. v. Feibus*, 15 F. Supp.2d 579, 587 (M.D.Pa. 1998), *aff'd* 185 F.3d 864 (3rd Cir. 1999).

*The General Agreement of Indemnity*

mere speculation or argument), to demonstrate an entitlement to go to trial on the issue of "bad faith" or to contest the amount of the surety's payments, the surety will be entitled to summary judgment.[71]

The prima facie evidence clause is also of significant utility in that, in conjunction with other clauses of the General Indemnity Agreement such as the Right-to-Settle provision, it relieves the surety of the initial evidentiary burden of justifying its payments. Illustrative of this point is *Hawaiian Insurance & Guaranty Company, Ltd. v. Higashi*,[72] a case which applied the "general rule" that an indemnitee bears the "burden of proving reasonableness and good faith[.]"[73] In so holding, the court noted the absence of a right-to-settle and prima facie evidence clause in the indemnity agreement before it and stated, in *dicta*, that "[o]bviously, where such a provision is in the agreement, the burden of proof on those issues shifts."[74]

The utility of the prima facie evidence clause, of course, has its limits. A surety relying on such a clause should still be prepared to put on evidence of the basis for its payments. As observed in *Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Company*,[75] which concerned a surety's claim for attorney's fees: "[S]omething more than evidence of mere payment will be required if a charge is challenged. Thus, this provision is hardly conclusive with regard to the amount of a reasonable fee award, but rather shifts to [the indemnitors] the burden of proving that the fees claimed are excessive." Similarly, the court in *Associated Indemnity Corporation v. CAT Contracting, Inc.*,[76] referencing the prima facie evidence clause, stated: "This provision, however, only shifts the burden of production regarding good faith, not the burden of persuasion." While not necessarily required, it is certainly advisable that a surety moving for summary judgment, in addition to providing proof of the fact of its payments, also provide the court detailed affidavits and documentation of its losses and expenses.[77] It should also be noted that at least one court has refused to enforce a prima facie evidence clause where the surety's only proffered proof of payment, a copy of a draft check, did not satisfy standards for the document to be admitted as evidence.[78]

---

71. *See, e.g., Gundle Lining Construction Corporation v. Adams County Asphalt, Inc.*, 85 F.3d 201, 211 (5th Cir. 1996); *Safeco Insurance Company of America v. Guabert*, 829 S.W.2d 274, 282-283 (Tex.Ct.App. 1992); *General Insurance Company of America v. Singleton*, 115 Cal.Rptr. 291 (Cal. Ct. App. 1974); *United States Fidelity & Guaranty Company v. Lipsmeyer Construction Company, Inc.*, 754 F. Supp. 81 (M.D.La. 1990); *United States Fidelity & Guaranty Company v. Klein Corporation*, 558 N.E.2d 1047 (Ill. App. Ct. 1989). *See ,also, Continental Cas. Co. v. American Sur. Corp.*, 443 F.2d 649 (D.C. Cir. 1970), *cert. denied*, 402 U.S. 907, *reh'g denied*, 403 U.S. 912 (1971) (where the surety presents prima facie evidence of payment by way of affidavit and supporting documentation the case is ideally suited for summary judgment); *Buckeye Union Ins. Co. v. Boggs*, 109 F.R.D. 420, 423-424 (S.D.W.Va. 1986) (surety's affidavit as to expenses incurred was sufficient evidence on which to grant summary judgment).
72. 675 P.2d 767 (Hawaii 1984).
73. *Id.*, at 769.
74. *Id.*
75. 129 F.3d 143, 151 (D.C.Cir. 1997).
76. 964 S.W.2d 276, 283, n. 5 (Tex. 1998).
77. *See, e.g., Feibus*, 15 F.Supp.2d at 582; *Fidelity & Deposit Co. of Maryland v. Wu*, 552 A.2d 1196, 1198 (Vt. 1988).
78. *United States Fire Insurance Co. v. Twin City Concrete, Inc.*, 684 S.W.2d 171 (Tex. Ct. App. 1984).